## EARNEST MCCARTY V. THE STATE.

No. 18720.   Delivered March 10, 1937.
Rehearing Denied April 28, 1937.

The opinion states the case.

*Jack Carter* and *W. E. Myres,* both of Fort Worth, for appellant.

*Will R. Parker,* Criminal District Attorney, and *Leo Brewster,* Assistant Criminal District Attorney, both of Fort Worth, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment, death.

Mrs. Irma Crain, a white woman, had taken her young daughter to a school play and was on her way back home alone when appellant, who is a negro, met her, knocked her down, choked her and ravished her. On the trial she positively identified appellant as her assailant. When he was arrested several days later appellant made a written statement in which he admitted his guilt. The foregoing facts, in substance, constitute the testimony adduced by the State.

Testifying in his own behalf, appellant repudiated his confession and declared that he was not guilty. It was his version that the confession had been coerced, in that he had been threatened and beaten by officers. His testimony further raised the issue of alibi.

In rebuttal the State introduced the officers appellant charged with threatening and beating him. They denied that they had mistreated appellant in any way.

The only three bills of exception brought forward relate to proof on the part of the State to the effect that, prior to making his written statement, appellant confessed his guilt and described in detail the transaction involving the rape. The bills show that appellant was under arrest at the time said statement was made, and that article 727, C. C. P., relating to confessions, was not complied with. The record reflects that appellant first went into the matter by testifying that he had been beaten with a rubber hose in an effort to make him confess; that he had maintained his innocence; that due to the severe punishment he received he finally told the officers that he had committed the offense. Moreover, appellant, on cross-examination of C. D. Bush, a city detective, elicited from him the fact that appellant had carried him to the scene of the crime, and further that appellant had stated to him the details of said crime. He testified, in response to questions by appellant's counsel, in part, as follows: "He took me out and showed me the place. * * * We had not gone over all of the details of the crime in trying to get a confession out of this boy. I told him about the crime, but I didn't tell him where it was—he told me."

We think it is manifest that the testimony in question was admissible under the terms of Art. 728, C. C. P., which provides:

"When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as, when a letter is read, all letters on the same subject between the same parties may be given. When a detailed act, declaration, conversation or writing is given in evidence any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence."

It was the appellant and not the State who first went into the transaction in question. Not only did appellant testify that he had stated to the officers prior to making the written confession that he was guilty, but he also charged them with mistreatment. Hence the State was entitled to give its version of the transaction. In Powell v. State, 269 S. W., 443, this court used language as follows:

"By bill of exception No. 5 appellant complains at the testimony given by the sheriff as to the conduct and statements of appellant while under arrest at the point where the killing occurred, to which place he had been taken by the officer. In

qualifying the bill the court says that, while testifying in his own behalf, appellant had gone into details concerning the trip mentioned, and had given his version of what occurred at the scene of the homicide, and, since appellant had himself brought the matter into the record, that in the opinion of the court the state was entitled to bring out the entire transaction introduced by appellant. In view of the court's qualification to the bill, his ruling appears to have been correct."

A similar situation was presented in Florence v. State, 4 S. W. (2d) 555, in which the accused had testified that he made certain declarations to the arresting officer. In concluding that the State was warranted in introducing the entire declaration, this court, in the opinion on motion for rehearing, used language as follows:

"Appellant insists that in the original opinion the inhibition against the receipt in evidence of a declaration of the accused while under arrest in the absence of compliance with the confession statute (article 727, C. C. P., 1925) was violated, and cites Hext v. State, 104 Texas Crim. Rep., 46, 282 S. W., 242, and precedents to which reference is made therein. The authorities cited are to the effect that the state, upon its own initiative, may not use against the accused declarations made while under arrest which are not res gestae, which are not rendered inadmissible by compliance with the terms of article 727, supra, and which are not embraced in the exceptions therein named. In the present instance, it was the appellant, and not the state, who introduced the declarations made by him while under arrest. He having done so, it was clearly the right of the state under article 728, C. C. P. 1925, to introduce the whole of his declaration made at the same time and upon the same subject. Such a construction of the statute is supported by the authorities cited in the original opinion, and also others collated in Vernon's Tex. C. C. P. 1925, vol. 2, p. 840."

We are constrained to hold that the bills of exception fail to reflect error.

No bill of exception to the reception of appellant's written confession is brought forward.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In view of appellant's motion for rehearing we have again examined the bills of exception found in the record. No doubt has arisen in our minds that proper disposition was made in our original opinion of the questions brought forward in said bills.

The motion for rehearing is overruled.

*Overruled.*