FRED O. BOLIN V. THE STATE.

No. 23834. Delivered January 7, 1948.
Rehearing Denied February 18, 1948.

A. S. Baskett, of Dallas, for appellant.

Ernest S. Goens, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is burglary. The punishment assessed is confinement in the state penitentiary for a term of five years.

Appellant's only complaint relates to the court's action in

declining to peremptorily instruct the jury to return a verdict of not guilty on the ground that the evidence was insufficient to sustain his conviction.

The record reflects that on the night of November 20, 1946, the store building of Cochran, Blair & Potts, and the office of William Cameron Company in Belton were burglarized. Roy Mason, a deputy sheriff of Bell County, while in the vicinity of the burglarized premises, observed an automobile within about two blocks thereof going forwards and backwards. He followed this car, which after making several turns, went out the Killeen Highway. Mr. Mason pursued the fleeing automobile and finally overtook it by driving 92 miles per hour. At the time he overtook and stopped it, appellant was in the automobile alone. Mr. Mason arrested appellant and a search of the car revealed some of the property that had been taken from the burglarized buildings.

Appellant made a confession to the district attorney in which he admitted that a day or two prior to the commission of the alleged offense, Jack Pierce of Dallas, and a party by the name of "Hubert" came with him to Belton and looked over the Cochran, Blair & Potts store and the William Cameron Lumber Yard; that from there they went to Waco and the following day returned to Belton; that it was agreed that Jack Pierce and "Hubert" were to "do the job" while he kept watch; that they burglarized the office of the Cameron Lumber Company first, then came to where he was and said that they had obtained $4.00 in nickles, twenty pennies and some stamps which they placed in the car; that he then drove South of Cochran's and South of a creek where he waited for them; that the officers got after him and caught him near Nolanville; that he did not know what became of his companions. His contention was that the confession was not made voluntarily; that he was whipped and beaten by the officers until he made it. This was denied by the officers. The court submitted that issue to the jury who decided it adversely to him. We think the evidence is ample to sustain the conviction. The fact that he was driving forward and backward in the vicinity of the burglarized premises about the time of the commission of the offense; his attempt to flee when he noticed the officers; that when arrested, some of the loot was found in his possession, was sufficient, if believed by the jury, to constitute him a principal.

The judgment of the trial court is affirmed.

Opinion approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In his motion for rehearing appellant still insists that his confession put in evidence by the State excludes the idea that he was keeping watch, and therefore precludes his conviction as a principal. It must be remembered that appellant in his confession stated that he and his companions had agreed to burglarize two places, the Cameron Lumber Co., and also the Cochran, Blair & Potts place of business, and that the lumber company was the place first burglarized. It must be remembered that appellant was on trial as a principal in the lumber company burglary because he kept watch while his companions actually committed the burglary. After the burglary was accomplished appellant's companions placed the fruits of the burglary in appellant's car, which they appeared to find without trouble, and then repaired to the Cochran, Blair & Potts house to burglarize it. If it be conceded that under appellant's confession and other evidence he abandoned his part of the agreement to keep watch while this latter burglary was being effected so as to relieve him of the status of a principal in said subsequent burglary, it by no means follows that it excludes the idea that he was keeping watch according to his agreement while the lumber company burglary was being accomplished by his companions.

The motion for rehearing is overruled.