FRED O. BOLIN V. THE STATE.

No. 23833. Delivered January 14, 1948.
Rehearing Denied February 18, 1948.

*A. S. Baskett,* of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Burglary is the offense; the punishment, ten years in the penitentiary.

On the night of November 20, 1946, the Cochran, Blair & Potts department store in Belton was burglarized. Entry was by breaking a sky-light. The safe in the store was blown open, a quantity of cash, jewelry, checks, and rings were taken therefrom. It appears that Policeman Trussel discovered the burglary.

He did not testify and the exact time of his discovery is not shown. However, Deputy Sheriff Mason testified that Policeman Trussel notified him of the burglary and that he went immediately to the scene. This was about 1:30 o'clock in the morning. Upon arrival, he found Trussel, Kelley, and several taxi drivers. His attention was attracted by a car about a block away being driven backward and forwards. When he, together with Trussel, started towards the car, the occupant attempted to drive away. A chase ensued, during which several shots were fired at the car. The car was overtaken some distance from Belton and appellant, who was the driver of the car, was arrested and carried to jail. Appellant made a confession which he repudiated upon the trial, claiming that it had been extorted and forced from him by the officers, who beat and whipped him.

The issue as to the voluntariness of the confession was submitted to the jury. No objection was made to its admission in evidence. The confession, after its formal parts, reads as follows:

"And I wish to further say: Day before yesterday Jack Pierce of Dallas, and me and another fellow called 'Hubert' came to Belton and looked over Cochran, Blair & Potts and a lumber yard. Then we went back to Waco & stayed at the Lone Star Courts. Then yesterday about noon we came back to Belton & we all went in Cochran, Blair & Potts store and Jack bought a shirt; that was to look over the store from the inside as we intended burglarizing it last night; then we went to Georgetown & slept awhile in a tourist camp there. We came back to Belton a little after dark & parked on a side street. I went to the Texas Cafe & sat down by a policeman & drank a cup of coffee. Jack and 'Hubert' was to do the job while I watched. They was to enter Cochran's from the roof. They had a sledge hammer and two punches. They said they were ready to hit Cochran's & I stepped just around the corner. I went over on the hill south of Cochran's & south of the creek where I was to wait for them. The officers got after me & finally caught me near Nolanville. I don't know what happened to Jack and 'Hubert' as I didn't see them any more after they left me to climb on the Cochran building. Jack said some fellow in the pen had cased this job for him & told him all about it & how easy it would be. Jack & 'Hubert' & I were in my car. It is a '41 Buick. I don't know how they got away."

On the afternoon of November 20, 1946, appellant, Pierce, and Gray were in the store. Pierce purchased a shirt. A shirt was identified upon the trial of the case as the one purchased by Pierce at that time and as having been taken from Pierce.

The circumstances attendant to the finding of the shirt are not ·shown.

Appellant, testifying as a witness in his own behalf, denied any connection with or knowledge of the burglary. He explained his attempt to get away in consonance with his claim of innocence.

Appellant's guilt before the jury was made to depend upon an application of the law of principals—that is, that Pierce and Gray, or either of them, committed the burglary and that appellant kept watch to prevent interruption (Art. 66, P. C.) and endeavored to secure the safety of the offenders. (Art. 67, P. C.)

The sufficiency of the evidence to support the conviction is challenged in two particulars—that is, (a) that the evidence is insufficient to show the guilt of the alleged principal offenders, and (b) if sufficient, then the evidence is insufficient to show appellant's guilt as a principal thereto.

Are the facts sufficient to show that Pierce and Gray, or either of them, committed the burglary? Other than and outside of the confession of appellant, the State's testimony shows only a burglary. There is nothing to show that Pierce or Gray com-committed that burglary or that they were in the vicinity, of the burglarized premises. If their guilt is shown, it is by the confession. It must be remembered that when the State shows a burglary has been committed by someone, the confession of the accused may be used to establish who the guilty party was.

Giving to the confession the most favorable construction from the State's standpoint, it may be said that it shows that appellant, Pierce, and Gray entered into a conspiracy to burglarize the Cochran, Blair & Potts store; that on the afternoon preceding the burglary that night, in pursuance of the conspiracy, they went to the store "to look over the store from the inside"; and that they returned to Belton that night and parked the car on a side street where appellant was to watch while Pierce and Gray committed the burglary after entering the building from the roof. Pierce and Gray had a sledge hammer and two punches with them and as they left, they told appellant that they were ready to "hit Cochran's." Thereupon, appellant stepped around the corner and later went "over on the hill south of Cochran's * * * to wait for them." The officers "got after" him. What became of Pierce and Gray appellant

did not know; according to his confession, he did not see them any more after they left him "to climb on the Cochran building."

By the confession, Pierce and Gray are placed in the immediate vicinity of the burglarized premises prior to the burglary, stating that they were ready to commit that crime and to climb on the building. In connection with this fact, appellant's flight is a circumstance showing not only appellant's guilty connection with the proposed crime but also the guilt of the principal offenders. There is an absence of any testimony that the burglary was committed by any other person.

In the light of the facts as a whole, we are constrained to hold that the jury was authorized to say that Pierce and Gray committed the burglary. The confession sustains more pertinently the jury's conclusion that appellant was guilty as a principal to the crime.

The conclusion is reached that the facts warrant the conviction and the judgment of the trial court is affirmed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again insists that we were in error in the original opinion wherein we held that the trial court correctly charged on the law of principals. He contends that appellant, if guilty at all, could only be found guilty as an accomplice or an accessory after the offense. According to the State's testimony, appellant was present with two others in the burglarized premises in the afternoon of the night of the burglary looking the same over as they intended to burglarize it that night; that prior to the burglary, it was agreed that appellant should keep watch while the offense was being committed; that the store was to be entered from the roof; that appellant's companion said that they were ready to "hit Cochran's", and appellant stepped around the corner and did not see them any more "after they left to climb on the Cochran building." Appellant went on the hill south of Cochran's store where he was to wait for them. He was later found within a block of the burglarized place, driving aimlessly around, and after a pursuit by the officers, he was captured and placed in jail. His acts might have caused him to fall in the category of a principal, an accomplice, as well as an attempted accessory, but such would not render nugatory any act

of watching to prevent the interruption of those engaged in the burglary. His own statement that "Jack and 'Hubert' was to do the job while I watched" would be sufficient to show his connection therewith as a principal, as well as his prior acts and his acts while these men were making their illegal entry into the building by going on the top thereof.

We think the trial court was correct in charging on the law of principals, a principal being, among other things, one who, not being actually present, keeps watch so as to prevent the interruption of those engaged in committing the offense. Arts. 66 and 67, P. C.

The motion will be overruled.