JACK DEMPSEY NIXON V. STATE.

No. 26,730. February 3, 1954.
Rehearing Denied March 24, 1954.

Hucks, Enlow & Kee, by Robert C. Koance, and Leland B. Kee, Angleton, for appellant.

Wesley Dice, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is burglary; the punishment, 9 years.

L. B. Cook testified that his motor company building in the city of Pearsall was burglarized on the night of January 12, 1949, and that the safe therein had been laid on its back and the door forced open.

Sheriff Dobbs testified that he, in company with Ranger White, secured custody of appellant at Conroe on March 29, 1949, brought him back to Pearsall in connection with his investigation of the above burglary, and that appellant made a written confession to him the following day. The confession was introduced in evidence. It was shown that appellant later escaped from jail, where he was being held for trial in this cause, and did not again come into custody of the officers until shortly before the instant trial in June, 1953.

Appellant, testifying in his own behalf, denied that the confession was voluntarily made and stated that one of the interrogating officers had grabbed him by the hair, pulled him back into a chair, and that he had agreed to sign the confession because he was afraid that the officers would whip him.

In the interest of brevity, the additional evidence will be set forth in a discussion of appellant's bills of exception.

Several of them relate to the proof of oral confessions as to this and other crimes made by the appellant while being interrogated concerning the burglary for which he was on trial. In order to determine if reversible error is shown thereby, we must appraise the bills in connection with the testimony of appellant's witness ranger Captain Allee. On the issue of the

voluntary nature of the confession, appellant offered this witness to show that he had repudiated his confession and that, after he had submitted to polygraph and truth serum tests, the Texas Rangers made no effort to prosecute him.

Captain Allee testified, on direct examination in answer to questions propounded by appellant's counsel, that prior to appellant's arrest in March of 1949 a series of safe burglaries had been committed throughout his district, among them being four burglaries which occurred in Pearsall on January 12 or 13, 1949, and that from the manner of their commission he and his fellow officers had concluded that they were the work of the appellant. Allee testified that he had assigned Ranger White to the case, and when he learned that the appellant was in jail in Conroe he sent White after him; that the appellant was brought to the ranger office in Carrizo Springs; that when he arrived at the office the appellant had made some written confessions, and the stenographer was typing others; that he talked to the appellant about the series of burglaries, read one or two of the confessions, and at that time the appellant made an oral confession to him, admitting that "he had pulled these jobs both here and at Carrizo Springs," and specifically admitted the burglary involved in this prosecution.

Allee testified further that appellant had repudiated these confessions the following day and had told him that his brother had once been whipped by officers and that he confessed because he was afraid that they might whip him.

Following this, Allee testified that appellant agreed to take the polygraph and truth tests and that, following the giving of the tests, he himself, consistent with the policy of his department, had taken no part in the prosecution of this or the other cases against the appellant.

We take occasion here to commend the Texas Department of Public Safety on this policy. If they rely upon such tests to seek conviction, they should make their testimony available to the accused when they think it is favorable to him.

We have concluded with reference to the proof of the oral confessions that, since the appellant developed evidence about the same matters from his own witness and on cross-examination of the state's witnesses, he is in no position to complain of similar evidence offered by the state. McCarty v. State, 132 Tex. Cr. Rep. 341, 104 S. W. 2d 53.

We will now discuss the admissibility of the confession as a matter of law.

Appellant testified that he was arrested in Houston, where he was detained for four or five hours, during which time he was questioned about some safe breaking burglaries, and one of the officers struck him a blow, which, according to appellant, blackened both his eyes; that without confessing to anything he was carried to Angleton, there interrogated concerning offenses which had occurred in that area, and then carried to Conroe, where he was again questioned until he left with the officers to go to Pearsall.

Appellant relies entirely upon the hair pulling in Pearsall, together with his fear that the officers would whip him in order to render the confession inadmissible. He did not testify that they threatened to do so, only that he feared they would. The officers who interrogated the appellant at Pearsall all denied any undue influence had been exerted upon appellant prior to the making of the instant confession and said that he did not have a black eye on that occasion. The unnamed officer who he said hit him in Houston was not present as a witness. We think any question that might have been raised by his absence passes out of the case when the appellant testified that he was not mistreated at all when he was interrogated upon his arrival at Angleton; that while there he had confessed to three safe jobs in that area; and that he was in fact guilty in those cases. It will be noted from appellant's testimony that he did not claim that he had confessed because of long and uninterrupted questioning. We find the confession admissible as a matter of law. Its voluntary nature was submitted to the jury in the court's charge, and it is apparent that the jury resolved this issue against appellant and found that the confession was voluntarily made.

Outside of his confessions, both oral and written, there is no testimony connecting appellant or identifying him as the guilty party. The evidence does show, however, that, outside of and other than the confessions, the burglary was committed by someone. Under such facts, the evidence is legally sufficient to sustain the conviction under the rule that where the corpus delicti is established by other testimony the extra judicial confession of an accused is sufficient to show his guilt of the crime shown. Watson v. State, 154 Tex. Cr. Rep. 438, 227 S. W. 2d 559.

Appellant's defense was that of alibi. He testified that he had burglarized a post office in Lane, South Carolina, on January 9, 1949, for which he was later apprehended and convicted. We think the jury properly concluded that he could have done so and still reached Pearsall, Texas, on the night of January 12.

Appellant complains that the district attorney went outside the record in his argument. The first question and answer of the witness McLaughlin on cross-examination authorize the argument made and no error is reflected thereby.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

BELCHER, Judge.

In his motion for rehearing, appellant strenuously insists that this court erred in failing to hold that his confession was involuntary under the facts as a matter of law.

We have again examined the record in light of appellant's contentions and remain of the opinion that the issue of the voluntary nature of the confession was presented by the evidence, and was properly submitted to the jury for their determination.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.