BENNIE L. EARL V. STATE

No. 32,450. December 27, 1960

Motion for Rehearing Overruled February 8, 1961

*Aubrey D. Stokes, Webb, Schultz and Stokes (James F. Gruben* of Counsel) Abilene, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge

Appellant Bennie L. Earl and his co-indictee B. W. Cameron were jointly charged by indictment with the offense of burglary.

Upon the granting of a severance, appellant was separately tried and convicted, and his punishment assessed at six years in the penitentiary.

The state's proof shows that Judge John F. Sutton, the injured party, owned a ranch located seventeen miles north of the city of San Angelo in Tom Green County. The ranch was leased to Otho Drake for grazing, with possession of the ranch house reserved by Judge Sutton.

On the morning of April 13, 1960, Drake drove to the ranch around 11:00 A.M. with a prospective buyer for some sheep. As he approached the ranch and stopped at some pens, he saw an Oldsmobile automobile, and yellow trailer with a water heater inside, parked at the rear of the ranch house some 100 yards away. While at the pens, Drake saw two men get in the automobile and drive away. Later, he went to the ranch house and discovered that the back door had been forced open and some property, including a water heater, was missing from the house. An examination of the ground indicated that the left rear wheel of the automobile was smooth.

The proof further shows that on the morning in question two men, one of whom was identified as the appellant, drove into an Humble service station in San Angelo around 6:30 A.M. in an Oldsmobile automobile pulling a yellow trailer and had the left rear tire of the automobile repaired. At the time, the station operator observed a water heater, cook stove and sink in the trailer. The same morning, appellant and a man were seen around 8:00 A.M. by D. K. Durham on his farm some eight miles from the Sutton ranch. At such time, appellant and his companion were in an automobile pulling a trailer which had in it a water heater, cook stove and cot. Durham secured the number of the automobile and reported the same to Deputy Sheriff Homer Goode.

On April 15, 1960, Deputy Sheriff Goode arrested B. W. Cameron in San Angelo after seeing him in an Oldsmobile automobile having the same license number which had been furnished him by Durham.

On the same day, Officer Goode took the appellant in custody at the sheriff's office in Big Spring, and after returning him to San Angelo, appellant admitted to him that he and his companion Cameron had burglarized a ranch house and had taken a hot water heater and two mattresses therefrom. Upon being told where the property was secreted, Officer Goode returned to Big Spring with appellant, where appellant directed and accompanied him to a house which was rented to B. K. Cameron and there pointed out a water heater and two mattresses which he stated he and Cameron took from the ranch house.

Judge Sutton positively identified the water heater and one of the mattresses as property taken from his house and stated that he had not given appellant or anyone permission to enter the house and take the property.

Appellant did not testify or offer any evidence in his behalf.

The court submitted the issue of appellant's guilt to the jury upon a charge on the law of principals and circumstantial evidence.

Appellant's first contention is that the evidence is insufficient to sustain the conviction.

With such contention, we are unable to agree.

The evidence clearly shows a burglary of the house in question by someone.

Appellant, in his oral statement to Deputy Sheriff Homer Goode, admitted that he and his co-indictee Cameron entered a ranch house and removed the property therefrom. The facts proved show that the house referred to by appellant was the burglarized ranch house of Judge Sutton. Appellant's statement to the deputy sheriff which led to the recovery of a part of the stolen property constituted an oral confession under Article 727, V.A.C.C.P. Such confession may be used to establish appellant's identity as the guilty party. Estes v. State, 160 Tex. Cr. R. 632, 274 S.W. 2d 411.

Furthermore, the proof shows, contrary to appellant's contention, that appellant and his companion Cameron were in possession of the property recently taken from the burglarized house. Such proof was sufficient to sustain his conviction for the burglary. Bernadett v. State, 166 Tex. Cr. R. 621, 317 S.W. 2d 747.

We find no merit in appellant's contention that the court erred in admitting appellant's oral confession evidence because it was shown that Officer Goode, or other officers, knew at the time of the location of the stolen property. The testimony of the officers shows that at the time appellant made the statement they did not know of the location of the stolen property which was found as the result of such statement. However, the court in his charge instructed the jury to wholly disregard the oral statement if they found from the evidence, or had reasonable doubt, that the officers at the time the statement was made knew of the location and whereabouts of the stolen property.

By formal bill of exception No. 1, appellant contends that reversible error was committed by state's counsel in exercising eleven peremptory challenges during the selection of the jury in the case. The bill as originally presented was by the court refused, with the court's reasons noted thereon. Appellant accepted the reasons assigned by the court, and under the provisions of Article 760d, V.A.C.C.P., the bill stands approved with the reasons of the trial judge as a part of and qualification to the bill.

The bill as approved and qualified certifies that after the examination of the jury panel and the attorneys for both sides had exercised their peremptory challenges, while the clerk was in the process of determining the twelve juriors to be seated for the trial of said case, appellant's counsel, while standing near the bench observing the clerk striking the jury list, made the following objection: "We object to the State's Attorney taking eleven cuts, when the law only entitled him to ten." The bill certifies that state's counsel "who was then seated at counsel table then approached the clerk's bench erased one of his strikes and after a brief interval, the names of twelve juriors were called by the clerk and said twelve were then seated and sworn as the jury for the trial of said case." The bill further certifies that no prospective juror saw the jury list and that the court could not certify that any prospective juror heard or observed the matter. No facts are certified in the bill which support appellant's contention that state's counsel saw the names of the prospective juriors challenged by appellant before he erased one of the State's challenges and was thereby given an unfair advantage in selection of the jury. The bill is overruled.

By formal bill of exception No. 2 appellant contends that state's counsel committed reversible error during the examination of the prospective juriors in the case when he stated:

"If it please the Court, the defense has not subpoenaed any

witnesses, I checked that, so didn't ask the panel about it; however, if they do have any witnesses I would like to know their names now so I can inquire of the panel of any acquaintanceship they might have with them."

It is shown by the bill that appellant's objection to the statement was by the court sustained.

We are unable to agree with appellant's contention that such statement was an indirect reference to the fact that he would not testify in the case and was calculated to embarrass his counsel in the presence of the jury. No reversible error is presented by the bill.

We have considered the other contentions presented by appellant and find no reversible error shown.

The judgment is affirmed.

Opinion apporved by the Court.