## JAMES BRIDGES V. STATE

No. 35,041.   November 28, 1962.

*Dewey Cox, Jr.*, Ranger, court-appointed attorney, and *Frank Sparks*, Eastland, for appellant.

*Earl Conner*, County-District Attorney, Eastland, and *Leon Douglas*, State's Attorney, Austin, for the state.

McDONALD, Judge.

The offense is robbery by assault; the punishment, twenty years in the penitentiary.

The state's testimony reflects that Mrs. F. J. Eison was a widow; that she ran a grocery store at Gorman; that her store was robbed by a man with a nylon hose over his face; that he used a pistol; that he took approximately $100; that she saw the appellant in the car as he drove off and that the back of his head looked very familiar; that she saw the car a week later when appellant's wife came into the store and that she was positive it was his car, a 1957 Mercury.

On cross-examination she said that the man in the car looked like the appellant but she could not be positive; that she had seen him before; that she knew it was his car, and he was driving; that a .38 caliber pistol which was introduced in evidence looked exactly like the one used.

Kay Eison testified that she was seventeen years of age, the daughter of the injured party; that on the afternoon of the robbery she saw the car driving up and down in front of the store; that it resembled the car in question and that appellant resembled the driver; that it was a 1957 Mercury; that she learned later that the car belonged to appellant.

The state's evidence shows that E. T. Woodard owned the gun that was used in the robbery; that he had loaned it to appellant and Lawrence Paul Davis for target practice. The gun was admitted into evidence without objection.

E. L. Dennis testified that he was a constable at Gorman; that appellant's car was located at Mingus; that it had been described by Mrs. Eison as having been at her place; that appellant and Davis were together; that the tires fit the tracks at the scene

of the robbery, for size, and the marks were similar; that the right front was worn a little more than the rest of the tires, and that the tracks were plain.

Appellant, in his confession, taken by Earl Conner, Jr., stated that he was twenty-seven years of age; that he and Lawrence Paul Davis were in appellant's car; that they had been drinking beer all day; that Davis said something about robbing Higginbotham's place and also an implement company; that he (appellant) "talked him out of those two places"; that they went to a bootleg joint and got some beer; that they pulled up to the store in Gorman, which he thought was operated by a Mrs. Smith; that he had known her for several months; that he had cashed checks there, that he drove and stopped at the east side of the store. It was further stated in the confession that Davis pulled off his hat, got out of the car, and put a sock over his face, and pulled a .38 caliber gun from under the seat; that in about five minutes he came running out of the store, got in the car and said, "Let's go"; that Davis had some money in his hands, which proved to be $70 plus some checks that they tore up; that they went through the yard of the Gorman Peanut Company, went down the old Eastland Highway to Duster and DeLeon, picked up their wives and went on to Strawn and then to Mingus; that while they were there they were arrested and taken to Gorman; that they did not have permission from the lady at the store to take the money; that he (appellant) got his share thereof, which was $35.

Appellant did not testify nor offer any testimony in his behalf. It is his contention that the evidence is insufficient to support the conviction.

The corpus delicti was established when the injured party testified that she was robbed, that she was placed in fear of her life, and that a gun was used. The appellant's confession, together with other evidence adduced, is sufficient to support the conviction.

In Watson v. State, 154 Texas Cr. Rep. 438, 227 S.W. 2d 559, the conviction was for robbery. This court stated that "corroboration of the confession" in effect means proof of the corpus delicti and that "corpus delicti" means proof of the fact that the crime charged has been committed by someone. In that case the victim was dead, the corpus delicti was proved by circumstantial evidence, and the confession was sufficient to support the convic-

tion. See: Lyles v. State, 171 Texas Cr. Rep. 468, 351 S.W. 886; Estes v. State, 160 Texas Cr. Rep. 632, 274 S.W. 2d 411.

The judgment is affirmed.