## LAWRENCE PAUL DAVIS V. STATE

No. 35,045.    November 28, 1962

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓

*Dewey P. Cox*, Ranger, for appellant; appellant represented himself on appeal.

*Earl Conner, Jr.*, District Attorney, Eastland, and *Leon Douglas*, State's Attorney, Austin, for the state.

McDONALD, Judge.

The offense is robbery by assault; the punishment, fifteen years' confinement in the penitentiary.

This is a companion case to Bridges v. State, No. 35,041, this day decided. Since the facts are substantially the same, we shall here pretermit a detailed discussion and adopt the facts as detailed in Bridges, supra, in the interest of brevity and to portray the entire testimony.

In addition to the facts in the Bridges case, Lofton Frasier testified that he lived in Gorman and worked at a hardware store; that he stopped by the Eison store to buy a package of cigarettes; that appellant was standing there; that he had never seen appellant before; that about an hour later he heard that the store had been robbed; that he saw appellant pull "a stocking off *of* his head."

Appellant's confession recited that he and James Bridges were

in DeLeon at Bridges' house; that he (appellant) had borrowed a pistol; that they went to Gorman to get some beer; that they drove around, talking about robbing some place; that they went to a grocery store; that Bridges said there was usually $200 in cash at the store; that they were in Bridges' blue and white Mercury car; that Bridges was driving; that he (appellant) got out and put a stocking over his face and went in and "told the woman" he "wanted the money"; that before he left, a man came in and he (appellant) pulled the stocking off his face and put the gun in his pocket; that after the man left he got the money and left the store; that "James drove off going through some feed place and [they] took the long way home to DeLeon"; that there they got their wives "and went to Strawn and Mingus."

The appellant adduced no testimony.

There are no formal or informal bills of exception.

Appellant has filed a brief in his own behalf, asserting several "points of appeal", none of which have support in the record.

The appellant's confession, coupled with evidence showing the commission of the crime, is sufficient. The injured party established the corpus delicti when she testified that she was robbed, that she was placed in fear of her life, and that a gun was used. Watson v. State, 154 Texas Cr. Rep. 438, 227 S.W. 2d 559; Lyles v. State, 351 S.W. 2d 886; Estes v. State, 160 Texas Cr. Rep. 632, 274 S.W. 2d 411.

We think the evidence is abundantly sufficient to not only corroborate the confession but also to support the jury's verdict.

The judgment is affirmed.