**James Carl WEBSTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35911.**

Court of Criminal Appeals of Texas.

June 26, 1963.

H. A. C. Brummett, Dickens, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is burglary with intent to commit theft; the punishment, ten years.

The appellant was charged with having, by force, threats and fraud, broken and entered a house occupied and controlled by S. C. Reynolds, with the intent then and there fraudulently to take from the said house corporeal personal property therein belonging to the said S. C. Reynolds.

The appellant, along with his brother, George Wayne Webster, waived a trial by jury and plead guilty to the charge contained in the indictment. Their confessions were introduced into evidence establishing that they had entered the O. K. Rubber Welders Store in Spur, Texas, by a window,

and had removed "a bunch of merchandise * * * including some automobile tires, shot gun shells, tools and many other items." The appellant in his confession admitted that "We did not have permission to break in the building and did not have permission to take the tires and other items."

The City Officer of Spur, Bill Stone, testified that he had observed a car, on the night in question, traveling without lights, and had attempted to stop it. During the chase which ensued, the car turned over, and he discovered that the occupants were the appellant and his brother. He also found in the car the merchandise which the parties, by their confessions, admitted taking.

Sheriff Bridge testified that he had gone to the O. K. Rubber Welders Store, which was owned by S. C. Reynolds, and had observed the window through which the brothers had entered, and the door through which they had carried the merchandise.

The appellant, through letters to the court, has attempted to raise certain questions concerning his health at the time of trial. We are unable to consider the letters which he attaches as "proof," but observe that the question was not raised at the trial and that there was proof that he was sane.

■ Appellant also questions the State's failure to produce a "complaining witness" at the trial or to introduce any of the stolen items. While the better practice would have been to have placed the owner on the stand, we find that the sheriff established without objection the ownership of the building, and the commission of a burglary. This establishes the corpus delicti and, along with the appellant's confession, is sufficient to sustain a conviction. Nixon v. State, 159 Tex.Cr.R. 548, 266 S.W.2d 150; Estes v. State, 160 Tex.Cr.R. 632, 274 S.W.2d 411; Earl v. State, Tex.Cr.App., 342 S.W.2d 328; Lyles v. State, Tex.Cr. App., 351 S.W.2d 886; Davis v. State, Tex. Cr.App., 362 S.W.2d 330; Bridges v. State, Tex.Cr.App., 362 S.W.2d 336.

■ The appellant also questions the sufficiency of the evidence to show that the O. K. Rubber Welders Store was a "house" as alleged in the indictment. We find, however, that the appellant refers, in his confession, to the "building." This taken with the evidence of entry through a window and exit through a door is sufficient. Article 1395, V.A.P.C.; 4 Branch's 2d, Sec. 2533.

■ The want of consent for the entry and the fraudulent taking was established in the appellant's confession. McCain v. State, 139 Tex.Cr.R. 539, 141 S.W.2d 613.

The evidence is sufficient, and, no reversible error appearing, the judgment is affirmed.