**Billy Ray BENNETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 38481.

Court of Criminal Appeals of Texas.

Nov. 10, 1965.

Rehearing Denied Dec. 15, 1965.

Lewis L. Scott, Marshall, for appellant.

Ralph Prince, Dist. Atty., Nathan Holt, Asst. Dist. Atty., Longview, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for burglary; the punishment, ten years.

The testimony sufficiently shows the unlawful and forcible breaking and entering of a closed building in which Allen Holcombe as owner operated a men's clothing store, that the forcible entry was without his consent, and the taking therefrom by someone of 100 suits of men's clothing, 300 pairs of shoes, shirts and socks, and certain other merchandise of the total value of $10,300, was without his consent.

On July 10, and 14, 1964, following the burglary June 8, 1964, the officers found a quantity of merchandise in the possession of Judy Lott in Dallas. The testimony further shows that Allen Holcombe, the owner and operator of the clothing store, positively identified several men's suits, boxes containing shoes and other merchandise which the evidence shows were found in the possession of Judy Lott as being part of the merchandise taken from his store at the time in question.

Appellant's confession was introduced in evidence.

Omitting the formal parts the statement reads as follows:

"My name is Billy Ray Bennett
          I live 2911 Forrest Ave.,
          Dallas, Texas.

On about June the 8th., 1964 I left Dallas, Texas in my 1959 Chrysler Imperial car and drove to Gladewater, Texas. It was about six o'clock in the afternoon when I left Dallas. It took me about two hours to get to Gladewater. After I got to Gladewater I drove by a mens clothing store that was on the main highway that I come in on

coming from Dallas to Gladewater. There was a Drug Store in the building that was connected to the mens clothing store. I parked my car on the side street and to the rear of this store. I entered the clothing store through the back door. I removed the door from the hinges and knocked a pad lock off to get this door open.

After I got in the clothing store I loaded up shoes, socks, shirts, suits, pants, sport coats, underwear, cologne and after shave lotion and numerous other mens and boys items. I carried the above items to my car and loaded them in. It took me about two hours to get all of the above stated items out of the store and loaded in my car. I then drove back to Dallas, Texas and went to Judy Lott's house which is located in the Oak Cliff section of Dallas. Judy Lott is the wife of Frank Lott who is connected to the Lott Funeral Home on Forrest Ave. in Dallas. I sold all of the merchandise I took from the mens store in Gladewater, Texas to Judy Lott. I unloaded the merchandise in Judy Lotts house that same night I took it from the store in Gladewater. Judy did not pay me that night but two nights later she paid four hundred dollars to me. She was to pay me another hundred dollars later but to this date she has not paid me.

About a month before I hit the store at Gladewater I had talked to Judy Lott about selling her some merchandise. This was when I had first seen the store at Gladewater. I had been to Longview, Texas looking around when I first noticed the mens store in Gladewater. Judy Lott knew that the merchandise I sold her as above stated was stolen merchandise. Judy Lott paid me cash money when she paid me.

No one gave me permission to enter the above stated mens clothing store located in Gladewater, Texas, and no one gave me permission to take anything from this store."

The appellant did not testify or offer any evidence in his behalf.

The voluntary nature of the written statement was properly submitted to the jury.

Appellant filed a motion to quash the indictment on the ground of racial discrimination in the selection of the Grand Jury which returned the indictment against him.

The motion alleged that the prospective Grand Jurors were drawn in such manner as to systematically exclude persons from Grand Jury service who were of the Negro race; and that such exclusion deprived him of the equal protection of the law and due process under the U. S. and Texas Constitutions.

■ In support of the motion, the appellant called as witnesses the five jury commissioners who selected the Grand Jury panel that returned the indictment herein, and their testimony reveals that the trial judge instructed them to select qualified persons, and not to discriminate as to race, color or sex; and that race was not considered in making their selection and that no person was deliberately left off the panel. One commissioner stated that he had served on the Grand Jury with a Negro about one year previously; and another said he had served on the Grand Jury with members of the colored race three or four years ago in Gregg County. A Negro minister testified that during the eighteen years he had lived in Gregg County there may have been some Negroes on the Grand Jury but he did not know of them. On cross-examination by the appellant, Judge David Moore testified that he had been district judge since 1955; that Negroes had served on the Grand Juries in his court; and that he was not sure but he thought he had seen three or four Negroes serve at one time. The refusal of the motion to quash was not error.

Before any written statement of the appellant was mentioned or referred to the

jury was retired. In their absence the state offered evidence which reveals that on November 11, 1964, Deputy Sheriff Owens took the appellant into custody by virtue of an arrest warrant; that he talked with him about the burglary of the Holcombe Store, and the appellant told him that he would make a written statement to him about the burglary. At this time the appellant was advised of his right to counsel and he said he had talked to an attorney but he did not request one. Officer Owens warned the appellant in accordance with the statute, and the appellant then made a statement to him which was reduced to writing and signed by him. The testimony of two other officers corroborated that of Officer Owens. The appellant did not offer any testimony.

At the conclusion of the hearing, in the absence of the jury, the trial court made an independent finding that the written statement of the appellant had been voluntarily made after he had been warned according to law and after his rights to an attorney had been explained to him and he had waived the same.

■ In the presence of the jury, the state offered proper and sufficient evidence for the admission of appellant's written statement into evidence. The warning in the statement recited in part: "That I have the right to consult a lawyer; which right I hereby waive." When it was offered the appellant stated "on behalf of the defendant we would like to object to the submission of this evidence." Said statement was admitted in evidence and read to the jury.

It is contended that the evidence is insufficient to support the conviction on the ground that no evidence other than his written statement was introduced showing that he burglarized the Holcombe Store or ever had in his possession any merchandise taken from the store.

■ The evidence outside of and other than the written statement of the appellant shows that the burglary had been committed

by someone. Under such facts, the evidence is legally sufficient to sustain the conviction under the rule that where the corpus delicti is established by other testimony the extra-judicial confession of an accused is sufficient to show his guilt of the offense shown. Nixon v. State, 159 Tex.Cr.R. 548, 266 S.W.2d 150; Estes v. State, 160 Tex.Cr. R. 632, 274 S.W.2d 411.

The evidence is sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.