Richard Leon **THOMAS**, Appellant,

v.

**The STATE of Texas**, Appellee.

No. 43073.

Court of Criminal Appeals of Texas.

Oct. 14, 1970.

Rehearing Denied Nov. 10, 1970.

Dalton Gandy, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Truman Power, Ronald W. Quillin and Grant Liser, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for robbery by the use of a firearm. The punishment was assessed by the jury at thirteen years.

The record reflects that on the 4th day of November, 1967, two men entered the Lilly Cleaners in Fort Worth and one of the men, armed with a pistol, forced the manager, Peggy Carley, her daughter and an employee to go to the back and lie face down on the floor. Approximately eighty dollars was taken from the cash register. A customer was robbed and was forced to lie down on the floor with the women.

From appellant's confession, the following is shown. Appellant and Robert Donald Hill decided to rob the Lilly Cleaners, and when they got there, Hill entered with a gun and appellant followed. Hill made the women lie down on the floor and then robbed a man who entered the store and made him lie down on the floor. When appellant could not open the cash register, Hill opened it, and they took some fifty or sixty dollars and left.

At the penalty stage of the trial, it was shown that appellant had served terms for three felony convictions.

Complaint is made that the court erred in admitting into evidence the confession of appellant without a showing that he knowingly and intelligently waived assistance of counsel.

At the hearing on the motion to suppress the confession appellant testified that after he was arrested he refused to say anything, and he was slapped, hit, kicked and that his lip was "busted," and his nose bloodied. He testified that he signed a confession that had already been typed, without reading it, and that he did not give the information contained in the confession. He further testified that he did not waive the assistance of counsel.

Officer Hudson of the Fort Worth Police Department testified that he and Officers Sinclair and Sommers arrested appellant at 12:10 p. m. on December 13, 1967, and took him directly to Justice of the Peace W. W. Matthews who warned him as follows:

"You are charged with the offense of armed robbery. An affidavit charging you with this offense has not been filed in this Court.

"You have a right to hire a lawyer and have him present prior to and during any interview and questioning by peace officers or attorneys representing the State. If you are too poor to afford a lawyer, you have the right to request the appointment of a lawyer to be present prior to and during any such interview and questioning. You may have reasonable time and opportunity to consult your lawyer if you desire.

"You have the right to remain silent.

"You are not required to make a statement, and any statement you make can and may be used against you in Court.

"You have the right to stop any interview or questioning at any time.

"You have the right to an examining trial."

At 12:25 p. m. appellant signed the instrument that contained the warning.

Judge Matthews then asked appellant if he understood the warning that had been read to him and if he had any request to make and appellant answered he did not.

Officer Hudson further testified that before questioning appellant some five hours later, he gave him the "Blue Card" warning. The record shows that the warning was substantially the same as that given by Judge Matthews and included the recital " * * * [h]aving been informed of these my rights and understanding same, I hereby freely voluntarily waive these rights, and not desiring a lawyer, voluntarily chose to make the following statement."

Officer Hudson then testified that appellant voluntarily made the statement shortly after the warning and then after it was typed signed it, and Dianne Foster, who happened to be at the police station, witnessed the signing.

The three officers testified that they did not hit or otherwise mistreat appellant and that he was warned again before the confession was signed.

Dianne Foster testified that after the confession was typed appellant read and signed it, and she did not see a bloody nose or bruised lip or anything to indicate that appellant had been mistreated.

Appellant testified that he was knowledgeable and understood his rights.

The trial court found that the confession was given voluntarily and that appellant was not slapped, struck, beaten or threatened by the officers and that he was properly warned of his right to counsel, the right to appointment of counsel, prior to and during any questioning. The court found in effect that all of the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694, were met.

■ There was sufficient evidence for the trial court to find as a matter of fact

and of law that counsel was waived and that it was a voluntary confession. All of the requirements of Article 38.22, Vernon's Ann.C.C.P., as well as those in Miranda v. Arizona, supra, were met. See Barnett v. State, Tex.Cr.App., 447 S.W.2d 684.

■ The fact that appellant did not specifically say that he waived counsel before signing the confession does not prevent the trial court from concluding that appellant knowingly and intelligently waived counsel. Waiver is to be determined from the totality of the circumstances. Easley v. State, Tex.Cr.App., 448 S.W.2d 490.

Substantially the same evidence on the admissibility of the confession was admitted before the jury, and the issue was submitted and the jury chose not to believe appellant's version of the facts.

■ Appellant next contends that the evidence is insufficient to support the conviction, because there is no evidence to corroborate the confession or to show appellant acted as a principal.

None of the witnesses who were at the cleaners identified appellant as being one of the robbers. The evidence does show that two people were involved.

Without the confession the evidence is sufficient to establish the corpus delicti of the offense of robbery with firearms.

After the corpus delicti or body of the crime has been established apart from the confession, the identity of the accused as a participant in the crime may rest alone upon his confession. Bennett v. State, Tex.Cr.App., 396 S.W.2d 402; Estes v. State, 160 Tex.Cr.R. 632, 274 S.W.2d 411; Nixon v. State, 159 Tex.Cr.R. 548, 266 S.W.2d 150.

The evidence is sufficient to support the conviction.

The judgment is affirmed.