**Billy Ray BAYLESS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46021.**

Court of Criminal Appeals of Texas.

April 11, 1973.

Rehearing Denied April 25, 1973.

S. L. Halsey, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is rape; the punishment, fifty (50) years.

Appellant's four grounds of error relate to the admissibility of his confession.

Appellant was arrested on August 9, 1967, at approximately 10:00 a.m. At about 11:00 a.m. he was taken before Judge Chamberlain, then a corporation court judge, who testified that he informed him of the nature of the accusation against appellant, explained to appellant his right to an attorney, his right to request the appointment of an attorney if he was unable

to obtain the same, his right to consult with such an attorney and have such an attorney present with him during questioning, his right to an examining trial and his right to remain silent, his right to change his mind and end any discussion with law enforcement personnel at any time as well as all warnings required by Article 15.17, Vernon's Ann.C.C.P.

Appellant signed a confession at approximately 12:00 noon, following a brief interrogation. Officer Herbert Blessing testified that he warned appellant fully, in accordance with the terms of Article 38.22, V.A.C.C.P., before taking the confession. Testifying in his own behalf, appellant stated that he did not fully understand the warning he received and thought he was signing a statement exonerating himself when he signed the confession.

■ Appellant's first contention is that he did not waive the services of an attorney. Judge Chamberlain testified that he asked appellant what he was going to do about an attorney and appellant indicated that he was going to get one, but that he did not want one at that time. Officer Blessing also testified that, during his interrogation, appellant repeatedly assured the officers that he did not want an attorney at that point.

Appellant's first ground of error is overruled.

■ Appellant's second contention is that his confession is inadmissible, because his arrest was illegal. At his trial, appellant did not object that his arrest was illegal. Further, we find the arrest to have been legal and observe further that his detention following arrest was not illegal. Davis v. State, Tex.Cr.App., 430 S.W.2d 210.

Appellant's second ground of error is overruled.

■ Appellant's brief next contends that the confession was inadmissible, because Officer Blessing promised to release him if he would confess. We have examined appellant's testimony and find no mention of any promise made to him by anyone. Appellant also contends that the statement which was read to him and which he signed, but did not read, stated that he had nothing to do with the offense. In addition to Officer Blessing, Gene Lenore, a TV reporter, whose name appears on the confession as a witness, testified that Blessing read the statement he witnessed, implicating the appellant in the offense, to the appellant, before the appellant signed it.

Appellant's third ground of error is overruled.

■ Appellant's fourth ground of error, without citation of authority or discussion, challenges the sufficiency of the evidence. The complaining witness testified that she was raped by six males. The confession connects the appellant with the offense shown to have been committed. In Bennett v. State, Tex.Cr.App., 396 S.W.2d 402, we said:

"Under such facts, the evidence is legally sufficient to sustain the conviction under the rule that where the corpus delicti is established by other testimony the extrajudicial confession of an accused is sufficient to show his guilt of the offense shown. Nixon v. State, 159 Tex. Cr.R. 548, 266 S.W.2d 150; Estes v. State, 160 Tex.Cr.R. 632, 274 S.W.2d 411."

Appellant's fourth ground of error is overruled.

Finding no reversible error, the judgment is affirmed.