Lawrence Paul **DAVIS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 35045.

Court of Criminal Appeals of Texas.

Feb. 20, 1974.

Saul Pullman, Eastland (Court-appointed), Maurice Angly, Jr., Austin, for appellant.

Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an out-of-time appeal of a 1962 conviction for robbery by assault. Sentence was assessed at 15 years' imprisonment by the jury. The conviction was previously affirmed by this Court in Davis v. State, 172 Tex.Cr.R. 654, 362 S.W.2d 330 (1962). This appeal is had as a result of our order entered after a habeas corpus hearing in the trial court held in 1972.

Appellant's first ground of error urges that there was a likelihood of irreparable misidentification at his trial because he had been subjected to an improper pre-trial lineup.

The statement of facts reveals that appellant and his companion Bridges were arrested in Mingus on February 8, 1962 and taken to the city hall building in Gorman. There, the victim of the robbery, Mrs. Eison, and a witness Frasier, separately observed the appellant, and later Bridges. No identification of either man resulted from this observation and appellant and Bridges were released. At the trial, both Mrs. Eison and Frasier positively identified the appellant.

We note initially that the alleged error was not properly preserved for review since no objection was made to the in-court identification. See Hall v. State, 490 S.W.2d 589 (Tex.Cr.App.1973) and cases there cited. Additionally while the lineup here was no doubt improper, no identification resulted from it, and the evidence affirmatively shows that the in-court identification by the witnesses was based on seeing the appellant commit the offense. See and compare Green v. State, 488 S.W. 2d 805 (Tex.Cr.App.1972).

Appellant's second ground of error urges that he was denied due process of law when he was exhibited before the jury panel for his trial in "chains."

The record from appellant's habeas corpus hearing reveals that appellant was initially brought into the courtroom in a restraining device consisting of a leather waist strap with handcuffs and a "lead" chain attached thereto. This device was immediately removed at the request of appellant's counsel, prior to the selection of the jury. There is nothing in either the record from the habeas corpus hearing or the record from appellant's trial to show that any person who actually served as a juror observed him in this device, nor did appellant request any relief at the time, such as the dismissal of the panel. See and compare Pittman v. State, 488 S.W.2d 89 (Tex.Cr.App.1972) and cases there cited. Additionally, it was developed at the habeas corpus hearing that eight days prior to his trial the appellant had assaulted a jailer with a knife and had escaped from jail. In view of this fact, and the fact that the device was removed shortly after appellant was seated, there was no error. See Ex Parte Slaton, 484 S.W.2d 102 (Tex.Cr.App.1972) and cases there cited.

**802**

In appellant's third ground of error, it is contended that the trial court erred in admitting his confession because it was induced by promises which were not fulfilled. In a related ground of error, the appellant contends that no hearing on the issue of the voluntariness of the confession was held, outside the presence of the jury, as required by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1963).

Appellant's contention with regard to the voluntariness hearing is without merit, since the trial court heard evidence on this issue at his habeas corpus hearing, including appellant's testimony. In view of the evidence adduced at the habeas corpus hearing, we deem it unnecessary to order an additional hearing on the limited issue of the voluntariness of appellant's confession. See and compare King v. State, 502 S.W.2d 795 (Tex.Cr.App., delivered Dec. 19, 1973); Kincaid v. State, 500 S.W.2d 487 (Tex.Cr.App.1973); Ex Parte Engle, 418 S.W.2d 671 (Tex.Cr. App.1967); and Hullum v. State, 415 S. W.2d 192 (Tex.Cr.App.1967). After hearing evidence on this issue, the trial court, at the habeas corpus hearing, filed findings of fact and conclusions of law, to the effect that appellant's confession " . . . was freely and voluntarily given and was not made in consideration of promises or a 'deal.' " The evidence adduced at trial and at the hearing supports this conclusion. See King v. State, supra.

Appellant's final ground of error urges that he was denied effective assistance of counsel at his trial. This claim is based solely on the fact that appellant's appointed counsel, a Mr. Cox, did not subpoena certain witnesses who, appellant contends, would have given alibi testimony in his favor.

The record of the trial reflects that appellant's counsel filed several motions, · engaged in vigorous cross-examination, and made numerous objections. As to the failure to call the alibi witnesses, the record from the habeas corpus hearing reflects that appellant's counsel talked with one of the two witnesses and that this witness stated that not only could he not establish an alibi for appellant, but that he "knew" appellant had committed the offense. Cox testified that he was unable to find the other witness, since appellant had given him only this person's last name. He also testified that he wrote to appellant's wife and mother prior to trial and requested that they contact him, but that he never heard from either of them. Neither the record from appellant's trial nor from the habeas corpus hearing contains any reference to what these witnesses would have testified had they been called. A review of the record as a whole shows that appellant was not denied effective assistance of counsel. See Hunter v. State, 501 S.W.2d 81 (Tex.Cr.App.1973).

The judgment is affirmed.

DOUGLAS, J., not participating.