Koch v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-131-CR





JOSEPH JOHN KOCH, III,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW OF CALDWELL COUNTY, 



NO. 21,210, HONORABLE EDWARD L. JARRETT, JUDGE



 





PER CURIAM



 A jury found appellant guilty of driving while intoxicated, first offense. Tex. Rev.
Civ. Stat. Ann. art. 6701l-1 (Supp. 1991). The trial court assessed punishment at confinement
for 180 days and a $500 fine, suspended imposition of sentence, and placed appellant on
probation.

 In point of error one, appellant argues that the trial court erroneously denied his
motion to suppress statements he made to police officers who did not give him the Miranda (1)
warnings. U.S. Const. amend. V; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art.
38.23 (Supp. 1991). At the hearing on appellant's motion to suppress, Officer Thick testified that
on March 19, 1990, he responded to the dispatcher's report of a car accident in Maxwell. When
he arrived, fire fighters and medical personnel were attending to the accident, in which a sedan
had left the road and gone into a ditch. Thick saw appellant sitting on the hood of the car. He
approached and, when he asked whether appellant was the driver of the car, appellant said, "Yes." 
Thick then asked appellant how the accident happened and whether appellant was the only one in
the car; he also obtained appellant's driver's license and proof of insurance. After appellant gave
Thick his driver's license, Thick smelled a strong odor of alcohol on appellant's breath.

 State Patrolman King testified that he also responded to the accident call on March
19. He arrived and walked toward the ditch, meeting Officer Thick half-way. Thick handed him
appellant's driver's license and insurance card and told him that the driver was by the car; Thick
also advised King that appellant had been drinking. King approached the group of people and
asked the group who had been driving the car. Appellant presented himself out of the group of
people and said, "I was." After talking to appellant, King smelled the odor of alcohol on
appellant's breath and observed his difficulty in walking. He placed appellant in the patrol car
and took him to the police station.

 Appellant argues that he was under custodial interrogation when he told the officers
that he was the driver of the car and that, because he received no Miranda warnings, his
statements should have been suppressed. The requirement that a law enforcement officer warn
a citizen of his constitutional rights applies only to custodial interrogation. Miranda v. Arizona,
384 U.S. 436 (1966). Interrogation is custodial when an officer initiates questioning after taking
a person into custody or depriving him of freedom of action in any significant way. Id. at 444. 
The requirements of Miranda do not apply to "general on-the-scene questioning as to facts
surrounding a crime or other general questioning of citizens in the fact-finding process." Id. at
477.

 Both officers testified at the suppression hearing that the questions they asked were
the normal questions incident to investigating an accident. The record does not show that
appellant had become the focus of a criminal investigation when he stated that he was the driver
of the car. Because it was not custodial interrogation, the officers' pre-arrest questioning of
appellant did not violate Miranda and was admissible under art. 38.23. Stewart v. State, 587
S.W.2d 148 (Tex. Crim. App. 1979); Higgins v. State, 473 S.W.2d 493 (Tex. Crim. App. 1971).

 In the same point of error, appellant also complains of the admission of a statement
he made in the patrol car after his arrest. Appellant's motion to suppress referred only to
statements he made before his arrest. Further, this statement was not brought to the attention of
the court during the hearing on his motion to suppress. By failing to present this complaint to the
trial court at the hearing on the motion to suppress, appellant has waived it for appellate review. 
Tex. R. App. P. Ann. 53 (Pamph. 1991). Appellant's complaint is additionally waived because
his objection at trial that the statement was hearsay does not comport with his complaint on
appeal. Rezac v. State, 782 S.W.2d 869 (Tex. Crim. App. 1990). We overrule point one.

 In point of error two, appellant contests the sufficiency of the evidence to support
his conviction. He argues that the only proof that he was driving a vehicle on a public road on
March 19, 1990, was his uncorroborated admission. But provided that there is other evidence that
a crime was committed, the identity of the defendant as the perpetrator may rest upon his
confession alone. Thomas v. State, 458 S.W.2d 817, 819 (Tex. Crim. App. 1970). At the
punishment phase of trial, moreover, appellant testified that he was driving on the highway when
he had the car accident. This testimony waives his evidentiary claim. Brown v. State, 617
S.W.2d 234 (Tex. Crim. App. 1981). We overrule point two.

 The judgment of conviction is affirmed.


[Before Justices Powers, Jones and B. A. Smith]

Affirmed

Filed: October 9, 1991

[Do Not Publish]
1. Miranda v. Arizona, 384 U.S. 436 (1966).