## TOM WALLS v. STATE.

### No. 1875.    Decided November 20, 1912.

### Rehearing Denied February 5, 1913.

**1.—Seduction—Sufficiency of the Evidence—Conflict of Testimony.**

Where, upon trial of seduction, the evidence was sufficient to sustain the conviction, although conflicting, there was no error.

**2.—Same—Indictment.**

Where, upon trial of seduction, the indictment followed approved precedent, there was no error.

**3.—Same—Continuance—Want of Diligence—Second Application.**

Where defendant's motion for continuance showed a want of diligence, and did not state that the absent testimony could not be procured from any other source, there was no error in overruling same.

**4.—Same—Evidence—Other Acts of Intercourse.**

It is the settled law of this State now that the State is not confined to the first act of sexual intercourse in seduction cases, but that subsequent acts of intercourse may be shown.    Following Battles v. State, 63 Texas Crim. Rep., 147, and other cases.

**5.—Same—Argument of Counsel—Bills of Exception.**

Where the bills of exception did not point out the error and no written charges were requested to the argument of State's counsel, there was no error. Following Clayton v. State, recently decided.

**6.—Same—Repetition of Prosecutrix.**

Upon trial of seduction, the court indicated to defendant that he could prove the character of prosecutrix by general reputation, etc., and the record showed that the witnesses would not have testified to specific acts of sexual intercourse between prosecutrix and third parties, there was no error.

**7.—Same—Charge of Court—Credibility of Prosecutrix.**

Where, upon trial of seduction, the court properly submitted the law on the facts and instructed the jury that they could consider the subsequent acts of prosecutrix as to her credibility, there was no error.

**8.—Same—Charge of Court—Practice on Appeal—Sufficiency of the Evidence.**

Where, upon trial of seduction, the evidence sustained the conviction under a full and fair charge of the court, there was no error, and general objections to the charge of the court cannot be considered.

Appeal from the District Court of Hall.    Tried below before the Hon. S. P. Huff.

Appeal from a conviction of seduction; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*H. B. White* and *Robert J. Thorne,* for appellant.—On question of refusing motion for continuance: Kelly v. State, 24 S. W. Rep., 295.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was indicted and convicted of seduction.    The jury fixed the lowest penalty therefor.

Among other grounds appellant complains that the evidence is insufficient to sustain the verdict. It would serve no useful purpose to state the evidence in this case. Suffice it to say that from the State's side it is amply sufficient, if believed by the jury, to sustain the conviction. That there were contradictions by the defendant's witnesses of the State's, and more or less impeaching testimony, does not change the rule. That occurs in a great many cases brought before us. These matters were all for the lower court and the jury. We cannot usurp their power or authority, nor take the decision of such questions from them. Kerse v. State, Love v. State, and Duckett v. State, recently decided but not yet reported. Many other cases might be cited.

The indictment in this case follows strictly the statute and the approved forms by Judges Wilson and White, and Bishop, and appellant's motion to quash it was correctly overruled.

Appellant made a motion for a second continuance of this case on account of the absence of three witnesses. The bill, as qualified by the Judge, shows that at the June Term, 1911, he continued the case on the application of the appellant, because of the absence of two, if not all three, of these witnesses and that no diligence whatever was thereafter used to procure their attendance on this trial. The application and bill, as allowed by the court, show no such diligence as would show error in refusing the continuance. Besides, the application did not state that the evidence of the absent witnesses could not be procured from any other source.

By three other bills appellant complains that the court permitted the State to prove other acts of intercourse other than the first testified to by the State's witness. These bills were qualified by the court, —some of them, in fact, not approved by the court, others stating that certain objections claimed to have been made were not made and stating what were made. It is the settled law of this State now that the State is not confined to the first act of intercourse in cases of this character, but that subsequent acts of intercourse to the first one at and before which the promise of marriage is made, may be shown. Hinman v. State, 59 Texas Crim. Rep., 29; Murphy v. State, 65 Texas Crim. Rep., 55; 143 S. W. Rep., 616; Battles v. State 63 Texas Crim. Rep., 147, 140 S. W. Rep., 783. It is needless to cite other cases.

Appellant has other bills of exceptions complaining of brief statements of what the prosecuting attorney said in objecting to questions and such like matters. The bills are very meager and do not show the occasion for such remarks, nor that they were improperly made under the circumstances. We are of the opinion that no reversible error is presented by any of these matters, even if not qualified by the court, but as qualified by the court, no error whatever is shown. The same applies to the objection of his meager statement of what the State's attorney said in the argument in the case before the jury. Besides, no written charges were requested by appellant to disregard

any such argument.   Clayton v. State, 67 Texas Crim. Rep., 311; 149 S. W. Rep., 119.

By other bills appellant complains that the court refused to permit him to prove by certain witnesses that such witness had heard that others had accused the prosecutrix of improper relations with other parties than the defendant and that it was talked generally throughout the community that another, other than appellant, was responsible for her condition and that another was generally accused of this girl's condition and that such other had left the country on that account.   This testimony was objected to as hearsay.   The court indicated to appellant that he could prove the character of the prosecutrix by general reputation or by specific acts.   The court in qualifying these bills shows that the witness would not have testified as claimed by appellant but did testify the reverse.   These bills show no error, especially as qualified and explained by the court.   Parks v. State, 35 Texas Crim. Rep., 378; Carter v. State, 59 Texas Crim. Rep., 73.   Nor does the 10th bill, as qualified by the court show any error, or any such objection to testimony as to show any error.

The court did not err in the 6th paragraph of the charge in telling the jury in effect, that if appellant had seduced and had carnal intercourse with the prosecutrix by virtue of a promise of marriage and at that time she was a chaste woman and had not previously had intercourse with any other, the fact, if it was a fact, that she afterwards had intercourse with others, would be no justification, or ground of defense to appellant.   In the charge he further tells the jury that they could consider her subsequent acts or conduct to effect her credibility and the weight to be given to her testimony.   This charge was proper under the circumstances of this case.   The jury gave the appellant the lowest penalty under the law.

The other complaints of the charge of the court are so general as to point out no error whatever, or authorize this court to consider such grounds, and this applies to his assignments of the refusal of his certain charges, the grounds merely being that the court erred in refusing to give a certain charge mentioning it by number.   Besides this, the charge of the court was full and fair to appellant, submitting everything in his favor as favorable if not more so, than authorized by law, and in the submission of the case to the jury for a finding, required them to find everything necessary and proper to be found against him, beyond a reasonable doubt, before they were authorized to convict him.

Notwithstanding the evidence and record in this case is voluminous, we have given it a careful and thorough study and investigation.   The evidence was amply sufficient, if believed by the jury as it was, to sustain a conviction and no reversible error whatever is pointed out. The judgment is affirmed.                                              *Affirmed.*

[Rehearing denied February 5, 1913.—Reported.]