### GILBERT WILSON v. THE STATE.

No. 15086. Delivered June 22, 1932.
Rehearing Denied October 12, 1932.
Reported in 53 S. W. (2d) 43.

The opinion states the case.

*Alonzo Turner,* of Borger, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, possessing intoxicating liquor for the purpose of sale; the punishment, one year and one day in the penitentiary.

Ches Logue, sheriff of Moore county, testified for the state substantially as follows: That he had known the appellant for six or eight months, and on the night of January 21, 1931, he had seen hte appellant in a car parked on the main street of the town of Dumas about 9 o'clock. When he first saw the appellant, the appellant's car was parked, and a man by the name of Blackie was with him. Blackie appeared to be drinking, and the appellant and Blackie drove north on the main street, and a little later the witness saw the appellant and Blackie at Blackie's room in the western part of town. He next saw the appellant out in the country when a car drove up, and there was some loud talking going on and some cursing, and, when the witness walked over to see what was going on, he saw a half-gallon jar of whisky sitting in the bottom of the Chevrolet coupe in which the appellant was sitting at the time. The witness then asked the appellant if he did not think he was pretty smart delivering whisky right under a fellow's eye, and appellant replied that he did not. When the witness saw the whisky in the car, he reached and got the keys out of the car and while he was doing this somebody kicked

the whisky and it fell down on the running board and then down on the ground. The witness also testified that Blackie was drunk at the time and he had a little scuffle with him, but he finally got the whisky and arrested the appellant. He further testified that he had reliable information that the appellant was bootlegging.

The appellant testified that on the occasion in question he was with some other parties who knew the man Blackie, who was drinking at the time, and these parties asked him to take Blackie home. He did not deny that the whisky was in his car, but did deny that it was in there with his knowledge or consent and testified that it had been put in said car by some person or persons unknown to him. He also denied that he had been bootlegging.

Bill of exception No. 1 complains of the action of the trial court in overruling appellant's first application for a continuance to the end that the appellant might get the testimony of Raymond Clark and Shorty Green. The motion stated that both of said witnesses resided in Kilgore, Texas, but that the witness Raymond Clark was absent from the state of Texas and services could not be had upon him, and his absence was due to the fact that he was attending court in Oklahoma; that theretofore he had caused subpoenas to be issued for the said Clark and Green to appear before said court on September 21, 1931, and had written to the said Green at Kilgore, Texas, that his presence was needed in behalf of this defendant, but that he did not know the whereabouts of the said Clark and had been unable to get in touch with the said Clark or the said Green; that, if said witnesses were present, they would testify that they were with this defendant at the time of his arrest and some few minutes prior thereto and would testify to that fact and would also testify to the fact that this defendant had nothing to do with a bundle presumably containing intoxicating liquor and the defendant did not have in his possession or under his control any liquor for the purpose of sale; that the return of the sheriff of Gregg county shows no services upon the witnesses, Shorty Green or Raymond Clark.

It is nowhere stated in said application for a continuance as to when the processes for said witnesses were issued, and therefore we are not able to determine from said motion the diligence used in obtaining their absent testimony or such facts as will excuse a want of diligence. No affidavit of either one of said witnesses was attached to any motion for new trial, nor is any excuse offered for the failure to show by the affidavit of the witnesses that they would testify to the facts averred in the application for a continuance. It appears from the testimony in this case that the defendant's own testimony on the trial contradicts what he stated he proposed to prove by the absent witnesses. He testified on cross-examination that neither the witness Green nor the witness Clark were present when he was arrested, and that he did not read the motion for a continuance care-

fully, and therefore did not intend to say that the said witnesses were present at the time he was arrested. "If the defendant's own testimony on the trial contradicts what he stated he proposed to prove by the absent witnesses, no error is shown in refusing to continue on account of· the absence of such witnesses." Branch's Ann. P. C., sec. 327; Hart v. State, 67 Texas Crim. Rep., 497, 150 S. W., 188; Yelton v. State, 75 Texas Crim. Rep., 38, 170 S. W., 318; Mathews v. State, 17 Texas App., 475. We are of the opinion no abuse of discretion on the part of the trial court is shown in overruling the application for a continuance or the refusal to grant the motion for new trial.

Bill of exception No. 3 alleges that the jury was guilty of misconduct in that at the noon hour, while the jury was at lunch, one or two of the jurors, after having been seated, left the other jurors and carried on a conversation with others not members of said jury. The trial court qualifies said bill of exception to the effect that said alleged misconduct on the part of the jury was not raised in defendant's motion for new trial nor was any evidence offered to show misconduct of the jury. As so qualified, there is nothing for this court to pass upon in this bill.

Bill of exception No. 5 sets out that the district attorney made certain remarks calculated to injure the defendant in this case, said remarks being as follows: "The defendant was a Borger bootlegger contrary to the evidence which showed the defendant did not even live in Borger but in Skellytown, Texas." There are not sufficient facts and surrounding circumstances stated in said bill to apprize this court of the availability and sufficiency of such objections. In the absence of · some showing the bill, we cannot tell what basis there was in fact for the argument of the prosecuting attorney therein objected to. According to the qualification to said bill, the court instructed the jury not to consider said remarks for any purpose and the bill further shows that the appellant did not except to such remarks. "Before reversal can be had on account of improper argument of state's counsel, it must clearly appear that the remarks were improper and that they ' were of material character and such as under the circumstances were calculated to injuriously affect the rights of the defendant." Branch's Ann. Penal Code, sec. 361; Mooney v. State, 76 Texas Crim. Rep., 539, 176 S. W., 52, 58; Walls v. State, 69 Texas Crim. Rep., 317, 153 S. W., 130; House v. State, 19 Texas App., 227, 239.

By bill of exception No. 6, appellant complains of the overruling by the court of his motion for new trial. The motion for new trial is not set out in said bill of exception or any part thereof, nor does said motion for new trial appear anywhere in the record in this case. There is nothing for the court to consider in said bill of exception.

Bill of exception No. 2 complains of the refusal of the trial court to instruct the jury to return a verdict of not guilty for the defendant

because of the insufficiency of the testimony to warrant a conviction. As we understand the contention of the appellant by his brief, it is that a conviction cannot be sustained upon the independent testimony of one person alone where there is any conflict at all upon the testimony of that one witness, and because the appellant in this case denied he transported or possessed any liquor for the purpose of sale, and that the evidence would not be sufficient to support the conviction, and cites in support of said contention the case of Green v. State, 94 Texas Crim. Rep., 637, 252 S. W., 499. The Green case, supra, merely held that where the state is compelled to rely for its conviction upon the testimony of a witness, who afterwards, and before motion for new trial is acted ·on, retracts the truth of such testimony and himself appears before the court and under oath affirms the testimony as given by him originally was not true, when such testimony is vital to the state's case, the conviction should be set aside.

No such condition of the evidence is shown in this case. We have carefully examined the statement of facts, and there are no material contradictions in the testimony of the witness for the state. The fact that the appellant took the stand and denied that he transpored any liquor knowingly or that he possessed any liquor for the purpose of sale made it an issue of fact to go before the jury. The jury could believe or disbelieve the testimony of the appellant in whole or in part. After a careful review of the testimony, we believe that the evidence is sufficient to support the verdict.

No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—In an unsworn statement filed in this court on July 5, 1932, it is claimed that there was a failure to include in the record proof supporting the contention in bill of exception No. 5; also that there was in fact a motion for new trial which is not included in the transcript. The unverified statement mentioned is not sufficient ground upon which to base an application for a writ of certiorari to correct the record. The application is also wanting in merit, for the reason that it fails to set out the facts embraced in the document claimed to have been omitted from the transcript.

In the purported corrected transcript filed August 23, 1932, there is copied the motion for new trial, but there is an absence of any evidence accompanying the record supporting the averments of the motion. There is what purports to be a bystander's bill attempting to challenge the correctness of bill of exception No. 5 touching the alleged remarks of

counsel for the state. The only difference between the bystander's bill and that prepared by the court is that in the latter it is stated that there was no exception to the remarks of counsel, while in the bystander's bill the contrary is stated. However, in the court's bill, it is stated that the jury was instructed to disregard the remarks. Considered together, the bills fail to show reversible error.

The motion is overruled.

*Overruled.*