## HENRY HALL V. STATE

No. 29,443. January 29, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) March 5, 1958

*B. D. Moye,* Pittsburg, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for rape with a prior conviction for rape alleged for the purpose of enhancement; the punishment, life.

The prosecutrix, while testifying, positively identified the appellant as the person who entered her home about 9 p.m. by forcing open the door and further testified that because of his threats to kill her she did not resist two acts of intercourse with him that night; that when appellant left he took with him between three and four dollars in dimes and a fifty cent coin which belonged to her; and that she reported these facts to the sheriff early the next morning.

The testimony of a physician shows that he examined the private parts of the prosecutrix about 11 a.m. the morning after the alleged assault by the appellant and that his findings from such examination were consistent with her having recently had intercourse.

The sheriff testified that he arrested the appellant shortly

after the prosecutrix had complained to him early one morning and that he found 37 dimes and one nickel on appellant's person.

The state's testimony shows that the appellant said that he needed some money and borrowed not more than one dollar about 8 p.m. on the night in question.

The state offered proof of the alleged prior conviction for rape and that the appellant was the person so convicted. On cross examination by the state, appellant testified that he was the same person convicted of rape in the court where he was then on trial.

Appellant, testifying in his own behalf, stated that he went to Benton's store about 6 p.m. on the day in question, left the store about 8:30 p.m., and arrived at Jonas Abron's house about 9:30 p.m., where he stayed the remainder of the night. He expressly denied going to the home of the prosecutrix on the night in question and denied that he had intercourse at any time with the prosecutrix. He further testified that he sold some junk iron for about three dollars and had borrowed $1.50 which he had in dimes, nickels and pennies when arrested.

The evidence is sufficient to sustain the conviction.

Appellant contends that the court erred in overruling his motion for a new trial wherein he alleged that while the jury was at lunch, a juror left the table where the jury was seated, went to another table, and talked with a person not a member of the jury; that such conversation took place out of the presence of the sheriff who was in charge of the jury and the other jurors; and that the juror's name, the customer's name and the subject of their conversation were unknown to the defendant or his attorney.

On a hearing of the motion, Sheriff Walker, called by appellant, testified that he was in charge of the jury at the time in question; that while the jury were at lunch he saw Juror Boyce Scott talk with Gaines D. Freeman about 15 or 18 feet away from him but he didn't hear what was said, and he immediately approached them and asked them not to talk. He further testified that there was nothing to obstruct his view when Scott and Freeman were together.

Juror Scott, called by the state, testified that while he was

seated with the jury for lunch he started toward the cigarette counter to get some cigarettes and as he made a "left turn to go around the table I passed this Brother Freeman, and he stuck out his hand to shake hands with me, and I unconsciously shook hands with him and said how are you doing, and by that time the Sheriff was tapping me on the shoulder and he said don't do that"; and that Freeman did not say anything to him before the sheriff arrived.

Gaines D. Freeman, a witness for the state, testified that on the occasion in question he was eating lunch in a cafe "and I looked up and saw (Boyce) Scott and he started toward me and he spoke and I shook hands with him and said how are you doing fellow, and by that time somebody walked up and stopped us"; that neither of them said a word about any case.

The evidence on the motion authorized the court to conclude that no conversation took place between the juror and the outsider in regard to the case and that nothing occurred at the time complained of which was prejudicial to the rights of the appellant. Therefore, the court upon the evidence offered did not abuse its discretion in overruling the motion for new trial.

By formal bill of exception appellant complains of the court's refusal of his request made at the close of the hearing on the original motion for a new trial to allow him to file a "trial amendment" showing that the jurors talked with various waitresses during the course of the trial.

All motions for new trials shall set forth distinctly in writing the grounds upon which the new trial is asked. Art. 756, Vernon's A.C.C.P.

There is no amended motion for new trial or any part thereof shown in the bill or in the record. The merits of the motion which the court refused to allow appellant to file cannot be considered unless it is properly brought forward in the record. Wilson v. State, 121 Texas Cr. R. 250, 53 S.W. (2d) 43.

This bill does not certify that any juror conversed with any person in regard to the case. No affidavits in support of appellant's contention that jurors talked with waitresses appear in the bill.

Under the bill presented, no error is shown by the court's refusal of appellant's request to file a "trial amendment."

The testimony of the prosecutrix that appellant had intercourse with her and that his male organ entered her female organ is sufficient to constitute direct evidence of such penetration. Therefore, the failure to charge on circumstantial evidence was not error.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.