Arturo Galvan **ALEJANDRO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 38297.

Court of Criminal Appeals of Texas.

Oct. 13, 1965.

**524**

Vernon's Ann.P.C., by reason of a prior conviction for an offense of like character, life imprisonment.

The state's evidence shows that the prosecuting witness, Roman N. Pena, with his brother, owned and operated a supermarket located at the corner of Barrett and Nogalitos Streets in the city of San Antonio. On the night of July 7, 1964, a masked bandit entered the store and, at the point of a gun, robbed the injured party of approximately $250 in money. After obtaining the money, the bandit left the store and as he walked by a window he removed the mask, which permitted the injured party to see his face. A two-tone dark and light green Plymouth automobile was then seen to leave from the rear of the building. Some thirty minutes after the robbery, the injured party, while at the police headquarters, identified a picture of the man who had robbed him and two weeks later identified appellant at a police lineup as the person. He also positively identified appellant at the trial as the guilty party.

It was further shown that some fifteen minutes after the robbery, appellant was observed, by Officer Manuel Ortiz, driving a 1954 green two-tone Plymouth automobile on Hamilton Street. Officer Ortiz testified that when he drove up beside the Plymouth and told appellant to stop "he took off" at a high speed and the officer gave chase. During the chase, Officer Ortiz fired at the Plymouth, hitting it once in the trunk. After being pursued for some distance at a speed up to 75 miles per hour, the Plymouth came to a stop at the intersection of Chihuahua Street and Apache Creek. Appellant jumped out and ran off. Six blocks from where the Plymouth was abandoned a .22 calibre pistol wrapped in a mask was found at a point where Elvira Street deadended with Apache Creek. The mask was identified by the injured party as similar to the one worn by appellant at the time of the robbery.

Carter, Callender & Onion, by Leo Dougherty, San Antonio (on appeal only), for appellant.

James E. Barlow, Dist. Atty., John G. Benavides, Rudolph Georges, Earl C. Hill and Raymond A. Wietzel, Asst. Dist. Attys., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for robbery by assault; the punishment, enhanced under Art. 62,

The prior alleged conviction of appellant for the offense of robbery was stipulated by the parties.

Appellant did not testify or offer any evidence in his behalf.

■ We find the evidence sufficient to support the judgment of conviction.

Appellant predicates his appeal upon certain informal bills of exception.

Complaint is first made to the admission in evidence of the photograph (state's exhibit #1) which the prosecuting witness testified he identified at the police station shortly after the robbery as being of the man who had robbed him, over appellant's objection that it resolved no disputed issue in the case, was harmful and prejudicial to him, and was an attempt upon the part of the state to bolster the witness's testimony.

■ The record reflects that the photograph was not admitted in evidence until after the appellant, on cross-examination of the prosecuting witness, had gone into the details of his identification of the guilty party from the photograph. Under the record, the photograph was admissible on the issue of appellant's identity and the court did not err in admitting it in evidence.

■ Complaint is also made to the admission in evidence of the mask (state's exhibit 7) found by the officers, over appellant's objection that it had not been connected with him and for the further reason that it was an attempt to bolster the testimony of the complaining witness.

■ The record reflects that before the mask was admitted in evidence, it was identified by the prosecuting witness as one similar to that worn by the robber on the night in question. Appellant's objection to the evidence went to its weight rather than its admissibility, and we perceive no error in the court's ruling.

■ By informal bill of exception #3, appellant complains of the court's action in permitting Officer Ortiz to relate that in his pursuit of appellant on the night in question, appellant operated his automobile at the high rate of speed, over the objection that it constituted proof of an extraneous offense.

The evidence of appellant's flight was clearly admissible, and the fact that the circumstances of such flight showed the commission of another offense did not render it inadmissible. Cox v. State, 170 Tex.Cr. App. 128, 338 S.W.2d 711.

In his brief, appellant insists that he was denied a fair and impartial trial by reason of certain actions and remarks made by the trial judge during the course of the trial.

■ An examination of the record reflects that no objection was made by appellant to any act or remark of the court of which he now complains. Such contention is not properly presented for review.

Appellant also contends that he was denied a fair and impartial trial because the jury, during their deliberations, discussed his failure to testify.

No claim of jury misconduct was made by appellant in his motion for new trial and such claim is made for the first time on appeal. In support thereof, appellant has attached to his brief an affidavit of one of the jurors who served in the case.

■ The claim of jury misconduct, not having been raised by appellant in his motion for new trial, will not be considered by this court on appeal. Wilson v. State, 121 Tex.Cr.R. 250, 53 S.W.2d 43; Williams v. State, Tex.Cr.App., 219 S.W.2d 688. Also, we cannot consider the affidavit attached to appellant's brief. Lavan v. State, Tex.Cr.App., 363 S.W.2d 139.

The judgment is affirmed.

Opinion approved by the court.