Joe Guzman GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 41266.

Court of Criminal Appeals of Texas.

May 15, 1968.

Charles J. Lieck, Jr., Phill R. Pickett, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Sparta Bitsis, Asst. Criminal Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is Robbery by Assault; the punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., life.

At the outset we find no merit in appellant's claim the court erred in overruling his plea to the jurisdiction of the trial court because of appellant's apprehension in Mexico and his unwillingness to return to Texas. The record shows that San Antonio police officers alerted Mexican authorities they had an arrest warrant for appellant and believed he was in the Republic of Mexico. Thereafter appellant was arrested by Mexican police on a narcotic law violation in Mexico and was subsequently released by Mexican immigration officials to Texas officers, armed with an arrest warrant, at the International Bridge at Laredo, Texas. "A person accused of a crime committed in Texas may be tried in its courts for such crime, although he was kidnapped in another state and brought from there to this state against his will and without lawful authority." Ex parte Burge, Tex.Cr.App., 409 S.W.2d 403 and authorities therein cited.

In ground of error #2 appellant contends the trial court erred in preventing him from testing the complaining witness' powers of observation on cross-examination.

While she admitted there were some inconsistencies in her testimony from that given at the examining trial and a prior written statement, the complaining witness did not alter or vary her identification of the appellant as one of the men who robbed her at gunpoint.

After the witness had been on the stand for approximately an hour and a half, and having established the above-mentioned inconsistencies, appellant's counsel asked the complaining witness to turn away

from the bench and counsel table, face the jury, and attempt to describe the color of the ties worn by the trial judge and defense counsel. The State's objection to such procedure was sustained and no objection was offered to such ruling of the court. The following day the court permitted appellant to recall the complaining witness, in the absence of the jury, to show that she would have been unable to describe the ties inquired about. If the ground of the error is before us for review, despite the absence of a timely objection, we cannot agree that the trial court abused its discretion. The scope and conduct of cross-examination as well as the permitting of tests and experiments in the courtroom lies within the sound discretion of the trial court. This is particularly true where the test of memory or of observation is directed to facts which do not surround the offense itself. Appellant cites no authority and we know of none which would sustain his position. Ground of error #2 is overruled.

Next, appellant contends the trial judge commented on the weight of the evidence, when, without objection from the State, he interrupted the cross-examination of the complaining witness as shown by the following excerpt from the transcription of the court reporter's notes:

"Q. Now, you admit to various errors and mistakes that have been made; and, very frankly, I appreciate your honesty in so doing. Now, I will again ask you, Mrs. Morin: Is there any possibility that this is not the man?

"A. Is there a possibility?

"Q. Yes.

"A. No, he is the man.

"Q. There is nothing that would change that opinion, as far as you are concerned?

"A. There is no doubt in my mind; he is the right person.

"Q. If I told you he had a twin brother, that wouldn't affect your opinion one way or another, would it?

"A. No, sir.

"Q. Is that correct?

"A. That's right.

"Q. Even if he had an identical twin brother, is that right?

"A. That's right sir.

"THE COURT: Counsel, the Court, of course, is going to give Counsel for both sides and they are entitled to a great deal of leeway in the trial of any case; and, certainly, you owe a duty to the defendant. That's the reason the Court appointed you.

"MR. LIECK: Yes, sir.

"THE COURT: But if you imply something that exists, when you know it doesn't exist—

"MR. LIECK: No, sir; I am just saying 'if'; 'if I told her.' I am not inferring anything.

"MR. HILL: But it certainly makes the implication to this jury.

"THE COURT: The Court is going to rule that it is improper,—

"MR. LIECK: All right, Judge.

"THE COURT: —unless it is based upon some fact.

"MR. LIECK: Let me put it in for the record that I simply asked if I told her that would that affect her opin-

ion as to identification, one way or the other.

"THE COURT: That is highly speculative, Counsel. Unless you can tell her that, then the Court rules it is not proper for her to have to answer—

"MR. LIECK: All right, sir.

"THE COURT: —some supposition.

"MR. LIECK: For further information, I am not contending that the man has a twin brother; but, 'if he did', that is the way I wanted to ask it.

"THE COURT: The Court will sustain the State's objection to that line of questioning.

"MR. LIECK: I have no further questions at this time."

█ It is observed that no objection was taken to the court's remarks and no request was made to instruct the jury to disregard the same. The following morning it appears the appellant moved for a mistrial as a result of the court's statements. If before us for review, in absence of a timely objection, see Steese v. State, 170 Tex.Cr.R. 269, 340 S.W.2d 49 and Alejandro v. State, Tex.Cr.App., 394 S.W.2d 523, we cannot agree that the court's remarks constituted a comment on the weight of evidence or that the court erred in overruling the motion for mistrial.

█ If, however, the remarks should be so construed, there must be found in the court's remarks a benefit to the State or an injury to the accused in order to constitute a violation of Article 38.05, V.A.C.C.P. Phelper v. State, Tex.Cr.App., 396 S.W.2d 396; Martini v. State, Tex.Cr.App., 371 S.W.2d 387. We find neither benefit nor injury in the court's remarks. Ground of error #3 is overruled.

In ground of error #4 appellant contends that after the receipt of the verdict the trial judge erred when he told the jury in effect not to have any misgivings about their verdict as another jury, sooner or later, would assess the same punishment in view of two pending indictments for robbery and nine other cases of robbery, pending grand jury action, wherein the appellant had been identified.

█ We are in full accord with appellant's position that a trial judge must continue to guard his remarks to a jury, even after receipt of the verdict, so as to avoid causing a juror from being a reluctant or reticent witness at the hearing on the motion for new trial, particularly where jury misconduct may be involved, and where such hearing is to be conducted before the same judge.

█ Here, however, we find no objection to such remarks and no request to instruct the jury to disregard the same. The alleged error was not raised until the amended motion for new trial was filed. Further, there is no claim of jury misconduct, no contention that the court's remarks subsequently prevented appellant's counsel from discussing the trial with the discharged jurors. In the absence of a showing of injury, the comments could not constitute reversible error. Mims v. State, Tex.Cr.App., 378 S.W.2d 318. Ground of error #4 is overruled.

In ground of error #5 appellant urges this Court to consider as error the trial court's refusal to admonish the jury concerning newspaper articles published the day the trial began and the following morning. Such articles related to the appellant's trial and the fact that he had been charged with another robbery.

Appellant's counsel contends that when he learned of the publication the second

morning of trial he requested the court to admonish the jury concerning the same and that his request was refused.

Such request does not appear of record, and the trial judge stated, after appellant's counsel's testimony on the motion for new trial, that he had no recollection of such request. Even if such request was made, we perceive no error as there is no showing that any juror saw or read such newspaper articles.

We have carefully examined the record and have concluded that the evidence, considered in the light most favorable to the jury's verdict, is sufficient to sustain the conviction.

Finding no reversible error, the judgment is affirmed.