**Sampson SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42275.**

Court of Criminal Appeals of Texas.

Oct. 29, 1969.

---

L. J. Krueger, Liberty, Will Gray, Houston, for appellant.

W. G. Woods, Jr., Liberty, and Jim Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is rape; the punishment, 25 years' confinement in the Texas Department of Corrections.

The appellant expressly does not challenge the sufficiency of the evidence and we do not deem a recitation of the facts necessary to the proper disposition of this case. Suffice it to say the record reflects that the appellant raped the 13-year-old complaining witness who was his wife's niece.

In his first two grounds of error appellant contends that the prosecutor in his closing jury argument on the issue of guilt injected unsworn and inadmissible testimony concerning an extraneous offense.

At the conclusion of the direct examination of the complaining witness on the issue of guilt, her written statement, taken shortly after the alleged offense, was handed to the defense counsel by the District Attorney. At the hearing on the motion for new trial it was shown that this instrument contained statements by the complaining witness to the effect that when she revealed the alleged offense to her cousin (appellant's daughter) that her cousin had stated the same thing had happened to her. Neither this statement nor such evidence was introduced before the jury.

The record reflects the following concerning the complained of argument:

"This is a crime that went farther than the ten commandments. They were talking about coveting or adultery. Even in that ancient commandment, they didn't conceive of a man having relations with his own flesh and blood, his own child, his wife's brother's child.

"Ladies and gentlemen, these things all have to come to an end at some time. On that day, that little girl was out there all alone—all alone. Let me go back just a second—

"MR. GRAY: Your Honor, we would like to make a Motion for mistrial out of the presence of the jury, and ask the Court to retire the jury so that we may make our Motion for Mistrial.

"THE COURT: All right, ladies and gentlemen, step in this Jury room."

Thereafter the motion for mistrial based on the injection of an extraneous offense was overruled. The court did instruct the jury to disregard the remark of the District Attorney with respect to the "defendant's own flesh and blood" and not to consider the same for any purpose in their deliberations.

Certainly it is well established that a prosecutor should not inject, by argument,

unsworn and inadmissible testimony about a material fact adverse to the defendant which is not in evidence, but viewing the argument in question in the context in which it was made and the court's prompt instruction to disregard, we fail to see that harm and prejudice resulted as to call for reversal. Nor are we convinced that the record supports any claim that the prosecutor acted in bad faith.

Further, appellant's counsel in his jury argument at the penalty stage of the trial stated:

"I have just a few words here. First, I want to say, in my opinion, that in the first part of this trial here, that the Jury brought in the only possible verdict under the evidence * * *"

Grounds of error #1 and #2 are overruled.

■ We find no merit in appellant's claim that the court commented on the weight of the evidence during the direct examination of the complaining witness while apparently sustaining a defense objection that the District Attorney was testifying.

The matter arose in the following manner:

"Q. And what were you doing at the time he climbed on top of you?

"A. I was screaming and trying to push him away.

"Q. And I will ask you if anyone was holding you at that time?

"A. Yes, sir, he was holding my shoulders down against the seat.

"Q. Other than that, did you attempt to offer any other resistance to him?

"A. Yes, sir, I was trying to find something to hit him with but I couldn't find anything.

"Q. He had taken your coke bottle, I believe you said.

"A. Yes, sir.

"Q. That was in the front seat also, was it not?

"A. Yes, sir.

"MR. GRAY: Judge, we are now going to object to the District Attorney testifying in this case.

"THE COURT: All right, sir. Don't you testify and watch the leading—I understand that you have got a problem, the age of this child and everything, but try to avoid leading the witness.

"MR. WOODS: Yes, sir. She had already said this. Excuse me, Your Honor.

"THE COURT: Yes, sir, she had, that's right.

"MR. GRAY: Your Honor, we would like the record to show our objection to the Court's comment on the evidence.

"THE COURT: Yes, sir.

"MR. GRAY: And at this time, we move for a mistrial, Your Honor.

"THE COURT: Overruled.

"MR. GRAY: Note our exception."

■ In order for the court's remarks, assertedly on the weight of the evidence, to constitute reversible error, there must be found in the court's remarks a benefit to the State or injury to the accused. See Article 38.05, Vernon's Ann.C.C.P.; Garcia v. State, Tex.Cr.App., 427 S.W.2d 897 and cases there cited. We cannot so conclude.

Ground of error #3 is overruled.

The judgment is affirmed.