**Leonard James NICHOLSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44491.**

Court of Criminal Appeals of Texas.

Jan. 18, 1972.

Rehearing Denied Feb. 16, 1972.

Melvyn Carson Bruder, Dallas (On Appeal), for appellant.

Henry Wade, Dist. Atty., and John Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder. The jury assessed the punishment at fifteen years.

The sufficiency of the evidence is challenged and it is contended that hearsay evidence was improperly introduced.

The record reflects that Leonard James Nicholson, the appellant, killed Willie T. Garrett by shooting him with a pistol. Kenneth Paul testified that he owned Poor Buddy's Cafe on Coleman Street in Dallas where beer was sold. He testified that at approximately ten o'clock at night he heard a shot and saw Willie T. run with Nicholson in pursuit. Nicholson had a gun in his hand and continued to shoot until some five shots were fired. Willie T. Garrett fell to the floor and died.

H. B. Qualls testified that he was Garrett's cousin and roommate. As he was coming out of the kitchen in the cafe to see about the shooting, a bullet hit him in the finger. He asked Gracie Randell what happened and she replied that Nicholson shot Garrett.

Gracie Mae Randell testified that when Nicholson came into the cafe he asked his wife to leave and she replied that she was not doing anything. Nicholson left and returned within three or four minutes. His wife did not want to leave and he struck her, "then everything happened." She saw a gun in Nicholson's hand and he and Garrett were wrestling. Garrett ran and Nicholson shot two times. She tried to stop him but he continued to shoot until the gun snapped. Two men grabbed him. Nicholson left and three days later, accompanied by an attorney, turned himself in to the officers.

Nicholson testified that he wanted to get his wife away from Garrett and was trying to save their marriage. He testified that on the second trip he backhanded his wife and that Garrett struck him. On cross-examination he testified that he did not know of anyone else having a gun in the cafe and there was no doubt in his mind that he shot Garrett. He could not remember what happened to the pistol. His version of the shooting was that it was done in self-defense.

The court charged on self-defense. The jury chose not to believe Nicholson's testimony.

 Appellant contends that the evidence does not show the murder to be with malice. Article 45, Vernon's Ann.P.C., provides:

> "The intention to commit an offense is presumed whenever the means used is such as would ordinarily result in the commission of the forbidden act."

The intentional shooting of one at close range with a gun is sufficient to authorize the jury to conclude the shooting was done with malice. Aguilar v. State, Tex.Cr. App., 468 S.W.2d 75; Davis v. State, Tex. Cr.App., 440 S.W.2d 291; Brown v. State, Tex.Cr.App., 438 S.W.2d 926.

We hold that the jury had sufficient evidence to support the verdict.

 Next, the appellant complains that reversible error was committed when Qualls testified that Gracie Randell told him as he came out of the kitchen that the appellant shot Garrett and when a policeman testified that he learned the appellant did the shooting.

The appellant testified that he did the shooting. It is not necessary for us to decide if the complained of testimony was error or harmless error, because no objection was made when it was admitted. Absent an objection, nothing is presented for review.

No reversible error has been shown. The judgment is affirmed.