**Dolan BOYD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45074.**

Court of Criminal Appeals of Texas.

June 14, 1972.

Rehearing Denied July 28, 1972.

**194**

W. S. Carpenter, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Ausitn, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the possession of marihuana. The jury assessed the punishment at two years.

The sufficiency of the evidence is challenged.

An officer saw two men pushing a car at approximately seven o'clock on a Sunday morning. He stopped to see if the car was stolen. Another officer arrived. Upon further investigation, the officers ascertained that the appellant was wanted on a traffic ticket. A search revealed that appellant had a small marihuana cigarette in his overcoat pocket. The appellant testified that the officers found the cigarette in his pocket but he did not know it was there. The jury chose not to believe the appellant's version.[1]

The evidence is sufficient to support the verdict.

■ The contention that the State failed to prove that the substance found was a narcotic drug is overruled. Article 725b, Vernon's Ann.P.C., classifies marihuana as a narcotic drug. We have previously held

in many cases that such a classification is not unreasonable. See, e. g., Willoughby v. State, 481 S.W.2d 893 (1972); Reyna v. State, 434 S.W.2d 362.

■ We perceive no error in the contention that the marihuana cigarette was not shown to be of such a quantity and quality to be susceptible to use as a narcotic. It could have been smoked in the cigarette or in a pipe. See Alaniz v. State, 458 S.W.2d 813. No proof of the purity of marihuana is required.

No error has been shown. The judgment is affirmed.

---

1. At the penalty stage of the trial it was shown that the appellant had received probation for felony theft.