**Ira Lee BROOKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 46454, 46455.**

Court of Criminal Appeals of Texas.

Sept. 25, 1973.

Rehearing Denied Oct. 17, 1973.

Robert B. Maloney, Dallas, for appellant.

Henry Wade, Dist. Atty., John E. Rapier, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

These appeals emanate from a consolidated trial before a jury in which appellant was convicted of the forcible rape of a woman and the statutory rape of her 14 year old daughter. Punishment was assessed by the jury at life in both cases.

By his first two grounds of error, the appellant asserts that the trial court erred in admitting into evidence a statement given by him to the police. This statement, he alleges, was inadmissible since there was insufficient evidence that it was voluntarily given and since it was taken without counsel being present and without a showing by the State of a waiver of the right to counsel by appellant.

Appellant moved to suppress the confession, and the trial court conducted a hearing outside the presence of the jury in compliance with Article 38.22, V.A.C.C.P., and Jackson v. Denno, 378 U.S. 368, 84 S. Ct. 1774, 12 L.Ed.2d 908 (1964). Subsequently, the court ruled that the confession had been voluntarily given, and the jury was appropriately charged on the voluntariness issue. Appellant testified at this hearing for the limited purpose of determining whether his statement was voluntarily given. He did not testify during the trial before the jury.

Appellant's testimony was that after his arrest by the Terrell police he was transferred to the Garland jail by Officers Rogers and Alexander. He further testified that at the jail he was not informed of his rights nor permitted to use the telephone to call a lawyer. In regard to his confession, appellant stated that approximately one and one-half hours after he arrived at the Garland jail Officer Alexander came to his cell and there kicked and beat him until he agreed to sign a statement. Appellant then displayed to the court certain scars on his chest which he stated were a result of the beating. A shirt which appellant had been wearing on that evening was also introduced into evidence. The shirt bore stains on it corresponding to the scars. Appellant stated these were blood stains though this was uncorroborated. However, a nurse from the Dallas County jail did testify that appellant was treated for injuries to his side.

Officer Rogers of the Garland police testified that he, along with Officer Alexander, transported appellant from Terrell to Garland on the evening of appellant's arrest arriving at the Garland jail at approximately 12:00 midnight and that he did not abuse appellant nor did he see anyone else do so. Rogers further stated that Alexander was no longer employed by the Garland Police Department. Officer Alexander did not testify at the hearing or at the trial.

Officer Carlock of the Garland Police testified that he had been assigned to investigate the rapes in question and that he first saw the appellant at approximately 10:30 A.M. on September 13, 1969, the morning after appellant's arrest. That at that time, he read appellant his rights from his blue *Miranda* card. This card was read in open court and complies with the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Officer Carlock further stated that appellant acknowledged that he understood his rights but that he did not ask for a lawyer. Immediately thereafter, appellant gave Officer Carlock an oral statement admitting his involvement in the crime. At Officer Carlock's request, appellant then retold the story as Carlock

typed it on a form used by the Garland police for such purposes. This form meets the requirements of Art. 38.22, V.A.C.C.P., with respect to the warnings that must be given to the person making the statement. In addition, it contained a waiver of these rights. Appellant signed this statement in the presence of a witness and Officer Carlock.

Officer John Cullins of the Plano Police Department testified that on the date of appellant's arrest he was the jailer for the Garland Police Department. He recounted that on that evening he placed appellant in jail sometime after midnight and further, in contravention of appellant's assertions, that it would have been impossible for anyone to get into appellant's cell since he (Cullins) had the only key and that no one used that key during the time that appellant alleged he was beaten.

■ From the foregoing evidence, we conclude that the trial court properly admitted the confession into evidence. The testimony of Officers Rogers, Carlock and Cullins, though controverted by appellant, supports the court's finding that appellant was not coerced or mistreated in order to obtain the confession. Further, testimony of Officer Carlock also indicated that appellant was, on at least two occasions, advised of his constitutional rights in compliance with Miranda v. Arizona, supra, and Article 38.22, V.A.C.C.P. On the question of whether or not appellant knowingly and intelligently waived his constitutional rights to counsel, we are cognizant of the fact that the printed waiver in the confession is not determinative. Encina v. State, Tex. Cr.App., 471 S.W.2d 384; McCandless v. State, Tex.Cr.App., 425 S.W.2d 636. Waiver is to be determined from the "totality of the circumstances." Nash v. State, Tex.Cr. App., 477 S.W.2d 557; Thomas v. State, Tex.Cr.App., 458 S.W.2d 817; Easley v. State, Tex.Cr.App., 448 S.W.2d 490. Appellant testified that he had gone through the eighth grade in school and there was no evidence adduced at the trial indicating that the appellant was laboring under any mental deficiency, nor was there any claim that the appellant was incompetent to stand trial. See Nash v. State, supra. As previously mentioned, there is substantial evidence that appellant was more than once informed of his right to counsel but that at no time did he request such.

Considering the "totality of the circumstances," we are unable to agree with appellant's claim that he did not knowingly and intelligently waive his right to counsel at the time he confessed to the crimes involved.

Appellant's first two grounds of error are overruled.

Appellant, pro se, challenges the sufficiency of the evidence to connect him with the crime. Specifically, he charges that the only affirmatively link between himself and the crime was the confession which he alleged was invalid for reasons stated previously in this opinion.

The record reflects that the State's case against appellant was in fact substantially buttressed upon his confession. However, certain other physical evidence; namely, some blue rags used to gag the women assaulted, a phonograph, and a television, were recovered during the course of the investigation and were linked to the appellant through his confession.

■ Notwithstanding the physical evidence we hold that the confession was sufficient evidence of appellant's guilt; the corpus delicti having been established by the testimony of the two prosecutrixes and the examining physician. Thomas v. State, Tex.Cr.App., 458 S.W.2d 817; Sullivan v. State, Tex.Cr.App., 433 S.W.2d 904; Bridges v. State, 172 Tex.Cr.R. 655, 362 S.W.2d 336; Lyles v. State, 171 Tex.Cr.R. 468, 351 S.W.2d 886; Watson v. State, 154 Tex.Cr.R. 438, 227 S.W.2d 559; Kugadt v. State, 38 Tex.Cr.R. 681, 44 S.W. 989.

Appellant's ground of error number three charges that the trial court erred in

failing to grant his motion for mistrial when the court prejudicially commented on the weight of the evidence. This alleged comment occurred during direct examination of one of the complainants in the colloquy shown below:

"Q. (Assistant District Attorney): And then what happened? Did they rape you?

"DEFENSE COUNSEL: Object, Your Honor, it's leading.

"THE COURT: Objection sustained. Mrs. B——, I know it's a little hard on you. It's quite an ordeal for you to go through, but speak up.

"DEFENSE COUNSEL: Object, Your Honor, to the Court commenting in such a manner.

"THE COURT: All right, counsel, you can object all you want to. I'm trying to calm the lady down. You just have a seat. The record will show your objection."

It is appellant's position that the comment "Mrs. B——, I know it's a little hard on you. It's quite an ordeal for you to go through, but speak up" conveyed to the jury a feeling of sympathy on the part of the court for the witness whom the court believed had been raped. This, appellant contends, was in clear violation of Articles 38.04 and 38.05, V.A.C.C.P., the statutes prohibiting comments on the evidence by the trial judge.

We disagree. The record clearly indicates that the witness was upset and having difficulty in relating the occurrences of the attack. The comment of the trial judge was obviously an attempt to ease the witness so that proceedings could continue. Such comments are not comments on the weight of the evidence and are permissible. Smallwood v. State, Tex.Cr.App., 464 S.W.2d 846.

Appellant's third ground of error is overruled.

By ground of error number four, appellant again alleges that the court prejudicially commented on the weight of the evidence during redirect examination of Officer Carlock. Officer Carlock, in response to a question from the Assistant District Attorney, indicated that a co-defendant had confessed. An objection by the appellant's attorney was sustained and the jury was instructed to disregard. A motion for mistrial was overruled. The Assistant District Attorney then rose and the following occurred:

"ASSISTANT DISTRICT ATTORNEY: I object to the statement this was introduced strictly for prejudice. I was in good faith.

"THE COURT: The court does overrule the objection, I mean overrules any objection on the ground of prejudice. *I don't think there is any prejudice.*"

To this last statement by the court, appellant objected on the basis that it constituted a comment on the weight of the evidence. The objection was overruled.

While the comment by the trial judge may have been improper, we do not believe it was of sufficient magnitude to warrant a reversal as violative of either Article 38.04, supra, or Article 38.05, supra. It seems apparent that the trial judge was attempting to clarify a previous ruling. In order for a remark by the court to constitute reversible error, some benefit to the State or injury to the defendant must be found. Boyd v. State, Tex.Cr.App., 482 S.W.2d 193; Garcia v. State, Tex.Cr.App., 427 S.W.2d 897; Lee v. State, Tex.Cr.App., 470 S.W.2d 664; Minor v. State, Tex.Cr.App., 469 S.W.2d 579; Smith v. State, Tex.Cr.App., 446 S.W.2d 317. We find no such benefit or injury.

Appellant's fourth ground of error is overruled.

By his fifth ground of error, appellant complains of certain testimony elicited from Officer Carlock concerning a conver-

sation Carlock had with one Roosevelt Rider. It is appellant's position that Rider was a co-conspirator in the primary offense and that any statement made by him was inadmissible as a hearsay statement of a co-conspirator made subsequent to the commission of the offense. In admitting this testimony, appellant contends, the trial court committed fundamental error.

In his brief, appellant quotes the following portion of the record:

"Q (Prosecutor): Now, did you have a conversation with this stepson of these two people that you talked with?

"A (Officer Carlock): Yes, I did.

"Q When did you have the conversation with Roosevelt Rider?

"A That afternoon.

"Q The 10th?

"A On the 10th.

"Q Did you also have a conversation with him on the 11th of September?

"A Yes, I did.

"Q I will ask you, Officer, if Roosevelt Rider gave you any statement on the 11th?

"A Yes, sir, he did.

"MR. MALONEY (Defense Counsel): Object, Your Honor, trying to do indirectly what he can't do directly. He's requiring the officer to give some type of hearsay testimony.

"THE COURT: Overrule objection.

"MR. MALONEY: Please note exception.

"Q (Prosecutor): Now, on the 11th, as a result of the information that you had gathered up to that time, and as a result of your conversation and statement by Roosevelt Rider, were you looking for any suspects in the rape cases you were investigating?

"A Yes, sir, I was.

"Q How many people were you looking for?

"A At the time, two, I believe, sir.

"Q All right, who were those people?

"A That would be Mr. Brookins and Mr. Roger Hartfield.

"Q Ira Lee Brookins and Roger Hartfield?

"A Yes, sir."

Appellant does not point out specifically which portion of this excerpt he is complaining of. We must assume that he takes exception to only that portion preceding his objection, no objection having been interposed to the testimony that followed. We perceive no fundamental error in the latter portion and must, absent proper objection, overrule appellant's contentions applicable thereto. Nicholson v. State, Tex.Cr.App., 475 S.W.2d 773; Diaz v. State, Tex.Cr.App., 473 S.W.2d 492.

In regard to that portion of the record quoted above which preceded appellant's objection, we conclude that the witness's response "that Rider had given a statement" was not hearsay since no attempt was made by the State, at that point, to show what that statement contained or the truth or falsity of any such statement. 1 Branch's Ann.P.C.2d Ed., Sec. 130, pages 141 and 142; Brown v. State, Tex.Cr.App., 475 S.W.2d 938; Stickney v. State, 169 Tex.Cr.R. 533, 336 S.W.2d 133. Further, even if the above testimony had been hearsay, we would be constrained to conclude that any error in its admission would have been rendered harmless in light of other evidence.

Appellant's fifth ground of error is overruled.

A similar situation is presented in appellant's sixth ground of error wherein he says that the court erred in admitting certain testimony given by Officer Carlock.

In his brief, appellant recites some 66 lines from the record and we are unable to determine exactly which testimony is complained of. However, within that portion of the record quoted, appellant interposed two objections and we will consider the testimony preceding each.

In the first instance, Officer Carlock was asked whether or not he had taken any other statements on Friday, September 12th. His response was that he had taken one from Louis Junior Love.

For reasons stated in ground of error number five, we hold that this testimony was not hearsay.

The only other testimony to which appellant objected occurred when the prosecutor asked Officer Carlock the following question:

"Q All right. This (Louis Junior Love) is another one of the co-defendants that gave a confession, is that right?

"A Yes."

The record reflects that this testimony was excluded after appellant's objection and the jury was instructed to disregard. A motion for mistrial was overruled. We conclude that any error in the admission of such testimony was cured by the court's instruction.

This ground of error is overruled.

Appellant, pro se, complains that the court erred in overruling his motion for mistrial after the State had elicited certain hearsay testimony. Appellant does not, however, direct us to any particular statement within the record which he claims to be error. Thus, appellant's ground of error is not in compliance with Article 40.09, V.A.C.C.P., and nothing is presented for this Court to review. Article 40.09, supra; Green v. State, Tex.Cr. App., 474 S.W.2d 212; Thomas v. State, Tex.Cr.App., 468 S.W.2d 90.

Appellant's final ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.